# Pioneer Mining & Manufacturing Co.

# v. Thomas.

*Action by Employe against Employer to recover Damages for Personal Injuries.*

1. *Master and servant; when employee cannot complain of injuries received; contributory negligence.*—Where an employe is himself the agent through whom the employer undertakes to see that the ways, works, machinery and plant are in proper condition, and the employe undertakes that responsibility, he can not complain of personal injuries sustained by him by reason of defects in the condition of such ways, works, etc.; his negligence contributing proximately to the injuries complained of.

APPEAL from the Circuit Court of Jefferson.
Tried before the Hon. A. A. COLEMAN.

This action was brought by the appellee, H. Thomas, against the Pioneer Mining & Manufacturing Company, under subdivision 1 of the Employer's Liability Act, and sought to recover damages for personal injuries alleged to have been sustained by the plaintiff, on account of alleged defects in the condition of the ways, works, machinery or plant of the defendant; said injuries being sustained by the plaintiff while engaged in the defendant's coal mines. The damages claimed in the complaint were $15,000, and it was alleged in the complaint that the injuries were inflicted by reason of a rock falling from the roof of the mine upon the plaintiff. The

allegations of negligence contained in the complaint were as follows: "Plaintiff alleges that said part of said top or roof fell as aforesaid and plaintiff suffered said injuries and damages by reason, and as a proximate consequence, of a defect in the condition of the ways, works, machinery or plant connected with or used in the said business of defendant, which said defect arose from or had not been discovered or remedied owing to the negligence of defendant, or of some person in the service or employment of defendant, and entrusted by it with the duty of seeing that said ways, works, machinery or plant were in proper condition, viz.: the roof or top of said mine, or the part thereof which fell as aforesaid was loose, or otherwise in danger of falling."

The defendant pleaded the general issue and several special pleas, setting up the plaintiff's contributory negligence. The facts are sufficiently stated in the opinion.

Among the charges requested by the defendant, to the refusal to give each of which the defendant separately excepted, was the general affirmative charge in its behalf.

There were verdict and judgment in favor of the plaintiff, assessing the damages at $2,500. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

WALKER, TILLMAN, CAMPBELL & PORTER, for appellant, cited *Linton C. Co. v. Persons*, 43 N. E. Rep. 642; *Con. C. & I. Co. v. Case*, 51 Ohio St., 542; *Petaja v. Aurora Min. Co.*, 66 Mich. 951; *Conrad v. Gray*, 109 Ala. 130; *K. C., M. & B. R.R. Co. v. Burton*, 97 Ala. 246; *Howe v. Finch*, 17 Q. B. Div. L. R. 187; *Allen's case*, 99 Ala. 359; *Eureka Co. v. Bass*, 81 Ala. 200.

BOWMAN & HARSH, *contra*, cited *McNamara v. Logan*, 100 Ala. 187; *Railroad Co. v. Thompson*, 94 Ala. 636; *Railway Co. v. Davis*, 92 Ala. 301; *Rolling Stock Co. v. Weir*, 96 Ala. 396; *L. & N. R. R. Co. v. Pearson*, 97 Ala. 211; *Woodward Iron Co. v. Herndon*, 114 Ala. 191.

[Pioneer Mining & Manufacturing Co. v. Thomas.]

McCLELLAN, C. J.—Action by Thomas against the Pioneer, etc., Co., sounding in damages for personal injuries sustained by plaintiff, an employe of the defendant, through an alleged defect in the condition of the ways, works, etc. of the defendant. The defect counted on and from which the injuries resulted was in the roof of a "heading" leading off from the main slope in defendant's coal mine. The plaintiff and one Lambie, hirelings of defendant, had been set by the company to drive this heading, and they were at work upon it when rock fell from its roof onto plaintiff, and injured him. We state the matter thus advisedly. We find no conflict in the evidence to the establishment of the facts we have stated. Not only had plaintiff along with Lambie been set to do this work; but all the time up to the falling of the roof they had each been engaged upon it; and at the very moment of the fall of the roof the plaintiff was immediately under the falling rock engaged in an act which was as much a part of the work he had been put to do and was engaged in doing as any thing else he or Lambie had done in carrying out their orders to drive this heading. The evidence is also undisputed that it was the duty of both Lambie and plaintiff in driving that heading to constantly test the roof left above the entry for loose or dangerous rocks or other substances liable to fall from the roof, or ceiling perhaps more accurately, to the floor; and upon finding any such rock or other substance their further duty was to pull down the same or to brace it up by timbers which would securely hold it in place. And, while there were persons in the employment of the company, superior in authority to these men, whose duty it was in a general way to superintend the work and see that it was properly done, these two men, plaintiff and Lambie, were the persons primarily charged by the company with the duty of seing to it that the roof of this heading was kept in proper and safe condition. This duty was as much upon plaintiff as upon Lambie. Both plaintiff and Lambie within the hour had been specially warned by a superior employe of defendant, and charged to look well to the security of the roof of the heading, the roof which was then dangerous, and this to common observation, and a part of which subse-

quently fell upon and injured the plaintiff; and, not only so, but the plaintiff had then expressly recognized and accepted this warning and direction as being addressed to him and promised to act in line with it. Yet notwithstanding the duty of plaintiff as well as Lambie to constantly see that the roof of the heading was in proper and safe condition, and notwithstanding they had both been specially charged anew to a diligent performance of this duty less than an hour before the roof fell, both the plaintiff and Lambie negligently failed to perform and discharge this plain duty imposed upon them and undertaken by them primarily for their own protection; and in direct consequence of this failure of duty on the part of plaintiff a large flake of rock fell from the roof on him and inflicted the injuries of which he now complains. That the plaintiff cannot recover on the state of facts we have set forth is altogether clear, and is admitted by counsel for appellee, who in their brief say: "We recognize the rule that if the injured employe is himself the agent through whom the employer undertakes to see that the ways, work, etc., are in proper condition, and the employe undertakes that responsibility, he cannot complain." But it is insisted for appellee that the facts are not as we have stated them, and reliance is had upon the testimony of plaintiff, to the effect that it was Lambie's, and not his, duty to see that the roof of the heading at the particular place from which the rock fell was in proper condition. All this testimony of the plaintiff, however, is patently a mere conclusion of his from his gratuitous and unfounded assumption that he and Lambie were not working together in this heading at the time the rock fell, and that he did not cut the coal from beneath this part of the roof, and hence that it was not his duty to knock down or timber up the rock. The evidence was that when plaintiff and Lambie were put to work at that place, they jointly began to drive the heading at right angles to the slope, that after driving it thus four or five feet plaintiff discovered a threatening condition of the roof, and at that point inserted a timber brace under it. That afterwards they continued to drive this heading two or three feet beyond this

timber, thus uncovering the faulty roof for that distance beyond the brace. Then plaintiff was directed to cut off the upper corner of this right angle entry so as to make room for a tramway to curve into the entry from the main slope. He had been upon this part of the heading probably a day when he was injured. Meantime Lambie had continued driving the entry, and had cut out the coal from under the rock roof to a distance of eight or ten feet beyond the timber brace above referred to, further uncovering the rock that fell. Neither he nor plaintiff had put in any additional timber, and neither of them had tested the roof, which the evidence shows was easy to be done by striking against it with a pick or hammer. Just before and at the time the rock fell Lambie was working several feet beyond it. Just before it fell plaintiff was working several feet short of it—between it and the slope. Each of them occasionally required a sledge hammer in their work. One such hammer had been provided by the company. This was last used by Lambie and was in that part of the entry where he was working. Plaintiff having occasion for the hammer, it was a part of his work in the heading to go and get it. He was engaged in this particular work, going to fetch the hammer, when the rock fell upon him from the roof. These facts are uncontroverted. It is entirely clear, we think, that they furnish no sort of basis for the deduction and conclusion of the plaintiff as a witness that it was not his duty to see that the roof was in proper condition. He was *working* immediately under the rock at the moment of its fall. Just before its fall he was working several feet from it. So was Lambie. Both he and Lambie had, each in part, cut the coal from under this rock. There is just as much room to say that it was not Lambie's duty to pull down or brace this rock, as there is to say that it was not plaintiff's: There is no room to say that it was not the duty of each and both. We conclude, therefore, that the plaintiff's injuries were due to his own negligence on the uncontroverted proof in the case, and that the court should have given the affirmative charge requested by the defendant.

Reversed and remanded.