MORRIS & CO. v. THURMOND.

(Circuit Court of Appeals, Fifth Circuit. January 3, 1920. Rehearing Denied February 28, 1920.)

No. 3425.

1. MASTER AND SERVANT ⟷228(1)—NEGLIGENCE OF INJURED EMPLOYÉ AS AGENT IN CHARGE A DEFENSE.

Although an employer is debarred by a state statute from relying on contributory negligence or assumption of risk in an action for injury to an employé, he cannot be held liable where the negligence charged against him was that of the employé injured, as his agent in charge.

2. MASTER AND SERVANT ⟷289(23)—EMPLOYÉ'S DUTY OF INSPECTION QUESTION FOR JURY.

Where plaintiff's intestate, a salesman for defendant, was killed as alleged by reason of the defective condition of an automobile furnished by defendant for his use, evidence tending to show that deceased had full charge of the machine, with instructions to have it repaired at defendant's expense when and where he desired, and that he did so, *held* to entitle defendant to have the question whether deceased was its agent intrusted with the duty of inspection and repair, and through whose negligence the accident occurred, submitted to the jury.

In Error to the District Court of the United States for the Southern District of Texas; Joseph C. Hutcheson, Judge.

Action at law by Mrs. Lila Thurmond against Morris & Co. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

H. M. Garwood, Rodman S. Cosby, and C. R. Wharton, all of Houston, Tex., for plaintiff in error.

Hutcheson, Bryan & Dyess, of Houston, Tex., for defendant in error.

Before WALKER, Circuit Judge, and FOSTER and GRUBB, District Judges.

GRUBB, District Judge. The plaintiff in the District Court (defendant in error in this court) was the widow of R. J. Thurmond, who was killed, while in the employment of the defendant in the District Court (plaintiff in error in this court) by the wrecking of an automobile, which he was driving from Houston to Ellington Field. At the time of the accident, Thurmond was a salesman for the defendant, and it was his duty to visit the camps in the neighborhood of Houston, and the defendant for that purpose furnished him with the automobile, which he was driving when he received the injury from which he died. The plaintiff claimed that the steering gear and radius bar of the automobile were out of repair, that the defendant was responsible therefor, and that the defective condition of the automobile caused the accident.

[1] Under the law of Texas, the defenses of contributory negligence and assumption of risk were not available to the defendant. It could defend only by showing that it was free from all negligence on its part which helped to bring about the injury. The negligence charged

against the defendant was that it negligently failed to furnish the intestate a reasonably safe automobile in which to do his work, as was its legal duty. The evidence tended to show the existence of the two defects in the car already mentioned, and their continued existence for a time long enough to have made it negligent on the part of the defendant not to have remedied them before the accident. Whether the accident was caused by the defects or by something else admits of doubt. The defendant could escape liability for the intestate's death, if due to its negligence in not correcting the defects, only by showing that it had imposed upon the intestate the exclusive duty, for it, of inspecting the car, determining when it needed repairing, and, when found to need repairs, of taking the car to the garage and having the repairs made. It would also have to show that the defects were discoverable and repairable defects, which could have been remedied, so as to make the car safe to run. If the defendant was negligent, but only negligent because of the negligence of the intestate, then, while such negligence would be imputed to it in favor of others than the intestate, it would not be negligence as between it and the intestate, of which he or his legal representative, in the event of his death, could complain.

If intestate was placed in sole control of the car, with the duty of determining when it was out of order, and of having it put in order when he made the determination, then his negligent failure to make the determination, or to act upon it when made, would be not merely contributory negligence, but would free the defendant, as to him, from all negligence, and so leave him, or, in the event of his death, his survivors, without a right of action for injuries so brought about. While he cannot be held to have assumed the risk of his fellow servant's negligence, or that of his employer, it cannot be said that his own negligence is that of his employer, as between them, nor is it in any sense the negligence of the fellow servant.

The master's duty of furnishing safe appliances is not delegable to a fellow servant of the injured employé; but this is far from saying that the master cannot delegate to the injured employé the duty of inspecting and causing to be repaired an appliance furnished to him for his use, and which from the situation must necessarily be in his exclusive possession and control, and that when the only negligence charged against the employer is that of the injured employé the employer may still be liable to him for the injury. In the case of Pioneer Mining & Manufacturing Co. v. Thomas, 133 Ala. 279, 32 South. 15, the Supreme Court of Alabama approved the following language from the brief of appellee in that case:

"We recognize the rule that if the injured employé is himself the agent through whom the employer undertakes the responsibility of seeing that the ways, works, machinery, and plant are in proper condition he cannot complain of personal injuries sustained by him by reason of a defect in the condition of such ways, works, machinery, or plant."

To the same effect are the cases of Great Northern Railway Co. v. Wiles, 240 U. S. 444, 36 Sup. Ct. 406, 60 L. Ed. 732; Owl Creek Coal

262 F.—25

Co. v. Goleb, 210 Fed. 209, 127 C. C. A. 27; Crawford v. Fayetteville Co., 212 Fed. 107, 128 C. C. A. 623.

[2] The record in this case does not disclose by undisputed testimony an instance of sole control committed to the injured employé— the intestate in this case—and the District Judge rightfully refused to direct a verdict for the defendant on this theory. However, we think a tendency of the evidence was to that effect, and that the defendant was therefore entitled to have the issue submitted to the jury. The District Judge withdrew the issue from the consideration of the jury, both by his oral charge and by his denial of instructions requested by defendant. The plaintiff's witness Allen testified that the local manager of defendant, Goedert, a couple of days before the accident, told the intestate, when he complained that the car was not in good con-. dition, to go and have it fixed, and to have it fixed that day, if he had time.

The defendant's witness, Goedert, testified that, when repair work was needed on the car, the intestate had it done himself; that he took it to a garage of his own selection; that he ordered the work and approved the bills for it, which were then paid by defendant, on his approval; that, when Thurmond was employed by him, he "gave him authority to have the car repaired whenever it was necessary, and left it to his judgment to determine as to when repairs would be necessary"; that shortly before the death of intestate he reported to witness that the car was in bad condition, and suggested that it be sent to another garage for repairs; and that witness thereupon told him to take it to whatever garage he wanted. The witnesses, Frank and James, who were owners of garages, testified that on different occasions the intestate brought the car to their garages for repairs, gave instructions as to what was to be done to it, and approved the bills therefor. The bills themselves—some bearing Thurmond's approval—were introduced in evidence. One, dated April 20, 1918, contained an item for the cost of one radius rod, which was one of the two parts charged by the plaintiff to have been defective The fatal accident happened on May 29th thereafter.

We think the foregoing evidence tended to sustain the contention of the defendant that the intestate was intrusted with the sole duty of inspecting and having the car repaired, and that the District Court erred in withdrawing that issue from the jury, and the judgment must be for that reason reversed, and the cause remanded; and it is so ordered.