# Tutwiler Coal, Coke & Iron Company v. Farrington.

*Action for Damages for Personal Injury to Employe.*

[DECIDED Nov. 30, 1905.* 39 So. Rep. 898.]

1. *Master and Servant; Injuries to Servant; Employer's Liability Act; Complaint.*—In an action for injuries to a miner by the

[Tutwiler Coal, Coke & Iron Company v. Farrington.]

roof of the mines, or passage, falling in upon him, a count which follows substantially the language of Subd. 1, § 1749, Code 1896, with respect to the duty of, and its breach by, defendant, and avers a defective condition of the ways, etc., and the proximate injury therefrom, sufficiently states a cause of action; and imposes upon the plaintiff the burden of showing the relation of master and servant, the duty of defendant to maintain in the ways, works, etc. at point where injury occurred, as well as the negligence of the employer, or some one by him intrusted with the duty of seeing that they were in proper condition.

2. *Same; Pleas; Contributory Negligence.*—A plea of contributory negligence which avers no more than that though aware that the roof was not propped or supported, plaintiff negligently remained in defendant's service for an unreasonable length of time and in the use of said roof, whereby, and as a proximate consequence, he received his injuries, was subject to demurrer.

3  *Evidence; Conclusions.*—A witness may make a collective statement of fact which is not a mere conclusion.

4. *Appeal; Evidence; Harmless Error.*—Although an objection is sustained to a question, yet if the question is fully answered, the sustaining of the objection is error without injury.

5. *Master and Servant; Assumed Risk.*—When the evidence is in conflict as to whether plaintiff knew of the dangerous condition of the ways, works, etc., although he may have known they were defective, it cannot be asserted as a matter of law that he assumed the risk.

6. *Same; Delegated Authority; Fellow Servants.*—The duty resting on the master to supply a safe way, works, etc., is nondelegable, and if delegated the person to whom delegated becomes the *alter ego* of the master; But, after providing such safe way, works, etc., the master may delegate to another the duty of maintaining such ways, works, etc., in safe condition, and is not liable to the fellow servant of the person to whom such duty is delegated, under a common law count, except for negligence in the selection of such servant or in giving him negligent orders relative to the maintenance of such works, way, etc., (overruling contrary dictum in Eureka Company v. Bass, 81 Ala. 200, 8 So. Rep. 216, 60 Amer. Rep. 152.)

*Rehearing denied January 9. 1906.

APPEAL from Birmingham City Court.
Heard before Hon. CHARLES A. SENN.

[Tutwiler Coal, Coke & Iron Company v. Farrington.]

This is an action for damages caused by the falling in of the roof of one of defendant's mines and injuring plaintiff. There were several counts in the complaint but all were eliminated except the fourth count as amended and the sixth count. The fourth count was as follows:

"The plaintiff claims of the defendant $15,000 as damages for that during the month of October 1903, and for many months prior thereto the defendant was operating and working coal mines in Jefferson County Alabama, and in the operation of said mines there were rooms and passageways over and above which there were roofs formed of rock, slate, shale, or other material, during the said month of October, 1903, and the plaintiff, was in the service of defendant mining coal in slope number four at or near Murray, Ala., and in going to the prosecution of plaintiff's work it was necessary for plaintiff to be under one of said roofs, and while under one of said roofs (going to his work) where he had a right to be as one of defendant's servants or employees, a piece of roof covering the point where plaintiff was fell upon plaintiff and broke one of his legs and otherwise injured plaintiff about the body and limbs, by reason of which he suffered great physical and mental pain, etc., and plaintiff avers that his said injuries were caused by reason of a defect in the condition of the ways, works, machinery or plant connected with or used in the business of the defendant, the said defect consisting of this; that said portion of said roof which was a part of the ways, works and machinery or plant connected with or used in the business of the defendant was cracked or had not sufficient strength or cohesive power to hold itself up or to be self-supporting and was not properly supported by props or pillows or other safe means of holding the same up or to keep it from falling as it was necessary for it to be to keep it from falling; and said part of said roof fell as a proximate consequence of said defect and caused said injuries as aforesaid; and plaintiff avers that said defect arose from or had not been discovered or remedied owing to the negligence of the defendant's bankboss, one Dury, whose christian name to plaintiff is unknown and who was in the

[Tutwiler Coal, Coke & Iron Company v. Farrington.]

service of the defendant and entrusted by the defendant with the duty of seeing that the ways, works, machinery and plant of plaintiff were in proper condition.

6th count. Plaintiff adopts all the words of the fourth count down to and including the words "and mental pain etc." and adds the following and plaintiff avers that his said injuries were caused by reason of the defect in said roof at the point where the plaintiff was, and had a right to be as hereinabove stated, said defect constituting of this; that said portion of roof which fell was not properly supported by props or pillars or other safe means of holding the same up or to keep it from falling, as it was necessary for it to be supported to make it safe, (said portion of said roof not having sufficient cohesive power to hold itself up) and said part of said roof fell by reason of not being properly supported and proximately caused plaintiff's injuries as hereinabove stated.

And the plaintiff avers that the defendant was under a duty to the plaintiff as one of its employes to see that said roof over the point where plaintiff had to pass to and from his work was in a reasonably safe condition, but the defendant negligently failed to keep said roof in a reasonably safe condition and as a proximate consequence of said negligence, the said injuries were caused as hereinabove set out.

There were demurrers to the fourth count 1st, there are no facts averred which showed that there existed at said time any defects in the ways, works, machinery or plant of the defendant. 2nd, the allegation that part of said roof was not properly supported does not allege a defect in the condition of the ways, works, machinery or plant of defendant. 3rd, the allegation that the roof fell in from being not properly supported is a mere conclusion of the pleader. 4th, it does not appear that the negligence averred proximately caused plaintiff's injury 5th, the defendant did not owe plaintiff the measure of duty set forth in said count. 6th, it does not appear with sufficient certainty that plaintiff received his injury while engaged in the service or employment of defendant. 7th, no facts are averred which show with sufficient certainty that it was defendant's duty to prop

[Tutwiler Coal, Coke & Iron Company v. Farrington.]

said roof at said place.

The same demurrers were interposed to the sixth count with these additional grounds." The averments therein are but the conclusion of the pleader. B. The measure of duty alleged therein is not the legal measure of duty owed to the defendant. C. It does not appear that the roof which fell was not reasonably supported by props or pillars or other safe means of holding it up. D. For aught that appears therefrom said roof was so supported as to make it reasonably safe. F. It is not stated with sufficient certainty wherein or how the defendant negligently failed to keep said roof in a reasonably safe condition. These demurrers were overruled.

There were several pleas, one the general issue and the others were contributory negligence. The third plea was as follows; And for further plea and answer thereto the defendant says that the plaintiff himself was guilty of negligence which proximately contributed to his said alleged injuries, and that his said alleged negligence consisted of this; that plaintiff was aware that said roof was not propped or supported by props or pillars, as in said complaint alleged and notwithstanding said knowledge, plaintiff negligently remained in the service or employment of the defendant for an unreasonable length of time in the use of said roof whereby and as a proximate consequence of which, plaintiff received his said alleged injuries by a part of said roof falling on him. Demurrers were assigned to the third plea as follows; It is not shown in said plea that the plaintiff knew of the danger from the failure of the roof to be properly propped or supported. 2nd, because it is not shown in said plea either that the danger was obvious or that plaintiff knew of the danger attending the non-propping or non-supporting of the roof. 3rd, It is not alleged that plaintiff did anything in a negligent or improper manner. These demurrers were sustained.

Charge 1. If the jury believe the evidence, they cannot find for the plaintiff under the fourth count.

Charge 2. If the jury believe the evidence they cannot find for the plaintiff under the sixth count of the complaint.

Charge 3.   If the defendant maintained its entries and undertook to keep them safe by pulling down loose and dangerous rock rather than by propping or otherwise supporting said rock, and if such method was the safe and more practical method of keeping the entries safe, then I charge you that the plaintiff cannot recover.

Charge 6.   If the jury believe from the evidence that the safer and better and more practical method of keeping the roof of the entry safe was to pull down loose and dangerous rock than to prop it, then I charge you that the plaintiff cannot recover.

Charge 7.   If the plaintiff knew that the defendant did not prop or otherwise support dangerous material in the roof of its entries and knew and appreciated the danger of its failure to do so for a month or more prior to the accident, plaintiff should not recover, if his injuries were sustained as a proximate result of defendant's failure to prop or otherwise support such material.

Charge 8.   If the plaintiff knew that defendant's mine was not usually inspected by sounding the roof and had so known for several months prior to his accident, then he assumed the risk of any injury resulting proximately from a failure to inspect in such manner.

Charge 9.   If the defendant did not use props or other supports in it sentries to support loose or dangerous rock and the plaintiff knew that it did not and had known it for a long time, then I charge you that the plaintiff cannot recover.

Charge 10.   If the plaintiff knew that defendant did not prop or otherwise support such material as fell on the plaintiff and had known for several months that it did not do so, then plaintiff assumed the risk of any injury resulting proximately from a failure to prop.

Charge 11.   If the jury are reasonably satisfied from the evidence that defendant's mine was inspected regularly prior to the accident in the manner which was usual and customary to make such inspections in said mine, and further believe that the plaintiff knew the customary method employed by the defendant company in making such inspection, and further believe that such inspection did not disclose any defect in the roof of the mine at the point from which slate fell on the

144.] OF ALABAMA. 163

[Tutwiler Coal, Coke & Iron Company v. Farrington.]

plaintiff, and further believe that the defendant did not know and that none of its servants who were charged with the duty of keeping the roof in safe condition, knew that the roof was at said point was unsafe, then I charge you. that you cannot find for the plaintiff. These charges were refused. There was verdict for plaintiff and defendant appeals.

TILLMAN, GRUBB, BRADLEY & MORROW, Attorneys for Appellant.—The court erred in overruling demurrers to the fourth count as amended.—*Clifton Iron Co. v. Dye,* 87 Ala. 486. The logical deductions from our decisions construing counts framed under subdivision 1 of the employer's liability act, is that the descriptive words must show a defect in the condition of the ways, works, plant or machinery.—*Clements v. Ala. Great So. R. R. Co.,* 127 Ala. 170; *So. Ry. Co. v. Moore,* 128 Ala. 450; *C. P. Ry. Co. v. Brooks,* 84 Ala. 38.

The court erred in overruling appellant's objection to the question propounded by the appellee to the witness Newborn. The witness was not shown to be qualified as an expert.—*Haynes v. Brownlee,* 63 Ala. 276.

It is settled law in Alabama that if the employee remains in the service and continues to encounter a risk voluntarily and with a knowledge and appreciation of the risk and without assurance of repair the risk becomes his own.—*Bridges v. Tenn. C. I. R. R. Co.,* 109 Ala. 287-293; *B. R. & E. Co. v. Allen,* 99 Ala. 359; *G. P. Ry. Co. v. Davis,* 92 Ala. 300; *L. & N. R. R. Co. v. Stutts,* 105 Ala. 654; 1 Labatt on Master and Servant, p. 670. The court erred in refusing charge number 2 requested by appellant. Count 6 is a common law count, and the undisputed testimony shows that the inspection and maintenance of the entry where appelle was injured was committed to one Durie, and there is no evidence of his incompetency. At common law the master is not liable for the negligence of a fellow-servant, and Durie was such with appellee.—*Woodward Iron Co. v. Cook,* 124 Ala. 349; *A. G. S. R. R. Co. v. Carroll,* 97 Ala. 126; *Smooth v. M. & M. R. R. Co.,* 67 Ala. 13; *M. & O. R. R. Co. v. Thomas,* 42 Ala. 672-720; *M. & M. R. R. Co. v. Smith,* 59 Ala. 245.

[Tutwiler Coal, Coke & Iron Company v. Farrington.]

The court erred in refusing charge number 3 requested by appellant. It was encumbent on appellee to prove the defect alleged in the complaint and to prove the negligence complained of.—2 Labatt on Master & Servant, p. 2369; *Conrad v. Gray*, 109 Ala. 130; *Shanke v. U. S. Heater Co.*, 84 N. W. 283. The court erred in refusing charge 7 requested by appellant. "A servant may assume the risk of improper methods of work, and does assume them when he has knowledge thereof and of the danger thereof."—Labatt on Master & Servant, § 278; *Reed v. Stockmar*, 74 Fed. 186; *Bonnette v. G. R. R. Co.*, 33 S. W. 334; *Brossman v. L. V. R. R. Co.*, 113 490. The court erred in overruling the application for a new trial made by appellant.

H. K. TERRY and O. A. LANE, for Appellee.—The demurrers to the fourth count of the complaint as amended were properly overruled. The sixth count of the complaint is a common law count and not amenable to any of the grounds of demurrer assigned to it.

The defendants third plea is fatally defective as will be seen by comparing with pleas 7 and 8 found on page 573, 135 Ala. Rep., *Osborn Admr. v. Ala. Steel & Wire Co.* There was no merit in the objection to the question and answer of the witness Newborn.—*W. C. & M. Co. v. Berberich*, 36 C. C. A. (94 Fed. 329); Greenleaf on Evidence, § 440; *Transportation Line v. Hope*, 95 U. S. 298; *McCreary v. Turk*, 29 Ala. 245.

The duty of the defendant to furnish and maintain suitable material and appliances for the prosecution of its business is one of that class of duties which are non-delegable, and when delegated the servant so charged becomes the *alter ego* of the master.—*Eureka Co. v. Bass*, 81 Ala. 214.

Defects in the charging part of the complaint must be taken advantage of by demurrers. The general issue merely denies the allegations of the complaint and if there be other matters they must be especially pleaded. *A. O. Extract Co. v. Ryan*, 112 Ala. 343.

TYSON, J.—All the counts of the complaint were eliminated from our consideration on this appeal except

the fourth, after amendment, and the sixth.  The fourth count is drawn under subdivision 1 of the employers' liability act (Code 1896, p. 555, c. 43).  It follows substantially the language of the statute with respect to the duty and a breach thereof by defendant, and avers a defective condition of the roof and that a portion of it fell as a proximate consequence of the defect, and that plaintiff was injured at a point under said roof where he had a right to be.  It has been uniformly held by this court that such a count is sufficient.—*L. & N. R. R. Co. v. Hawkins*, 92 Ala. 243, 9 South. 271; *M. & O. R. R. Co. v. George*, 94 Ala. 216, 10 South. 145; *Laughram v. Brewer*, 113 Ala. 509, 21 South. 415; *L. & N. R. R. Co. v. Marbury Lumber Co.*, 125 Ala. 237, 28 South. 438, 50 L. R. A. 620; *Armstrong v. Montgomery St. Ry. Co.*, 123 Ala. 233, 26 South. 349, and cases there cited.  Such holding necessarily involves the sufficiency of the allegation of a duty on the part of the employer to maintain in reasonably safe condition his works, ways, machinery, or plant, and his negligent failure to do so, and, of course, imposes upon the plaintiff the burden of showing the relation of employer and employe, and the duty of the defendant to maintain the works, ways, etc., at the place where the injury occurs, as well as the negligence of the employer or some one in his service intrusted by him with the duty of seeing that they were in proper condition.

If it is the practice or usage of miners to prop the roof in their rooms, and the plaintiff was injured by the falling of the roof when such a duty was upon him, this is a matter of defense, which, if shown, would of course, defeat the plaintiff's right of recovery.  Such facts, when established would utterly refute the allegation of duty laid in the count.  But, in the absence of proof of the fact, the averment of duty upon defendant to prop the roof of its mine must be taken as true, even though it be conceded that the practice or usage obtains in the mining of coal for the miner to see to the safety of the roof in his own room, and this usage is of such character that the courts will take judicial notice of it. Whether such usage does obtain, and, if it does, whether the courts will take judicial notice of it, are questions upon which we express no opinion.

The count is not subject to the objection of vagueness, uncertainty, and indefiniteness. Authorities cited, *supra*. What we have said also disposes of those grounds of demurrer urged against the sufficiency of the allegations of the sixth count adversely to the appellant.

The third plea of defendant was clearly bad.—*Osborne v. Alabama Steel & Wire Co.,* 135 Ala. 571, 33 South. 687.

The objection interposed to the question propounded to Newborn, "Within what time could that roof have been propped or made secure?" was that it called "for a conclusion of the witness." We think not. It is the statement of fact, to which the witness could testify if he knew it. If it be conceded that it was improper to permit this witness to state that it was the company's duty to keep up the roof in the heading or entry where a part of the roof fell and injured the plaintiff, because it involved a conclusion of law and fact, it was error without injury, since this duty is otherwise shown by the undisputed testimony in the case and practically admitted by the defendant. After defendant, on cross-examination, had shown that it was not customary to prop the roof where plaintiff was injured, the question was then asked by it of the witness, "And had not been the custom?" To this question an objection was sustained, and we think properly so. The question propounded to Durie, the mine foreman of defendant, "Whether or not ordinarily, in making an inspection of a mine, you sound every piece or particle of it, or how do you do that?" was fully answered, notwithstanding the objection to it was sustained. If there was error, therefore, in the ruling, it was clearly innocuous.

This brings us to a consideration of the several charges refused to the defendant. The first of these insisted on is the one instructing the jury, upon a belief of the evidence, they cannot find for the plaintiff under the fourth count of the complaint. This contention is based upon the proposition that the testimony without dispute establishes that plaintiff knew of the defect in the roof, and that it had not been propped or otherwise supported so as to make it safe, and that, knowing these facts, he

voluntarily encountered the danger without an assurance on the part of the defendant to repair the defect. It is undoubtedly the law in this jurisdiction that "a person who continues in an employment with full knowledge of the risk run. and who voluntarily goes to do that which he knows will expose him to danger, cannot recover for injuries so received. * * *. This doctrine is founded on the consent, express or implied, of the employe to take the chances of injury or escape from a threatening situation; but such consent is not implied, unless the danger is obvious or is known to the employe." *Osborne v. Alabama S. & W. Co., supra*, and cases there cited. It is undoubtedly true that the plaintiff knew that the roof was not supported; but whether he knew of the dangerous condition of the roof at the point where he was injured was, under the testimony, a matter of dispute, and therefore a question for the jury. Nor can it be affirmed as a matter of law, as is contended, that the averments of the fourth plea of defendant were established by the evidence. Whether it was or not was a question for the jury. There was, therefore, no error in refusing the charge under consideration.

Charge No. 2, refused to defendant, should have been given. The sixth count. as we have said, states an action at common law. The undisputed testimony establishes that the inspection and maintenance of the roof of the entry in a safe condition where the injury occurred was committed by defendant to one Durie, its mine foreman, and there is no averment of his incompetency, and, for that matter, no evidence of it. The only negligence which the testimony tends to establish was that of Durie. He was at common law a fellow servant of the plaintiff, and for his negligence, under the count under consideration. the defendant cannot be held liable. The principle governing and controlling on this point is tersely and accurately stated in *Woodward Iron Co. v. Cook,* 124 Ala. 353, 27 South. 458 in this language: "An employer is under the duty of using ordinary care to furnish the employe with place, ways, and appliances reasonably safe for use; but by the law as it has long been recognized by this court the duty of maintaining such safe conditions may be discharged by committing its

performance to agents carefully selected for competency and fitness.—*M. & O. R. R. Co. v. Thomas*, 42 Ala. 672; *A. G. S. R. R. Co. v. Carroll*, 97 Ala. 126, 11 South. 803, 18 L. R. A. 433, 38 Am. St. Rep. 163; *M. & M. R. R. Co. v. Smith*, 59 Ala. 245. No fault is imputed to the defendant in respect of its selection of servants."

We have examined charges numbered 3, 6, 7, 8, 9, 10, and 11, refused to defendant, and entertain the opinion that they were properly refused. The correctness of written charges numbered 4, 5, and 12 is not insisted on, and therefore we have not considered them.

Reversed and remanded.

SIMPSON, ANDERSON and DENSON, JJ., concur.

## ON REHEARING.

PER CURIAM.—In the application for rehearing our attention has been called to the case of *Eureka Company v. Bass*, 81 Ala. 200, 8 South. 216, 60 Am. Rep. 152, as supporting the proposition that, where the master commits to a servant or agent the maintenance of the safe condition of the works, ways, and machinery, such servant or agent is the *alter ego* of the master or principal, and that the negligence of such servant or agent is the negligence of the master, for which an employe of the common master, when injured, may recover, although such injury can only be ascribed to the negligence of the servant or agent intrusted with the duty of maintaining the works, etc., in a reasonably safe condition. It must be admitted that this proposition is supported by the text of the opinion in that case. But it is clearly a dictum. The maintenance of the works, ways, machinery, and appliances in a reasonably safe condition was not involved in that case. The question presented was one involving the duty of the master to furnish suitable material and appliances to his injured servant. Manifestly this duty of the master is personal and nondelegable and, if delegated to an agent, such agent is the *alter ego* of the master, for whose negligent acts the latter is responsible. But when, as in the case under consideration, the master has delegated to an agent or servant the duty of maintaining the works, ways, etc., in a reasonably safe

condition, the negligence of such agent or servant in discharging these delegated duties is not the negligence of the master, but of a fellow servant, for which his co-servant, when injured, cannot recover of the master, unless he can be charged with some degree of fault or negligence in the employment or retention of the servant intrusted by him to see to the maintenance of the safe condition of his works, etc., etc. The learned judge in the case relied upon for a rehearing overlooked this distinction, which is clearly recognized in the opinions of this court in the cases cited by him and in others. Indeed, in the case of *L. & N. R. R. Co. v. Allen*, 78 Ala. 494, which he cites and in which the opinion was delivered by him, he distinctly recognized the right of the defendant to delegate the maintenance of the safety of the engine (locomotive), the explosion of which caused the death of the plaintiff's intestate, to its engineer or other employes, and the nonliability of defendant for their negligence in failing to discover its unsafe condition. The dictum expressed by him is unsound, and not only unsupported by any of our adjudications on this subject, but is unquestionably opposed to them. We must therefore decline to follow it.

*Action for Damages for Death of Employe.*