# Black *v.* Roden Coal Co.

## *Damages for Death of Servant.*

(Decided April 16, 1912. Rehearing denied June 29, 1912.
59 South. 497.)

1. *Master and Servant; Injury to Servant; Contributory Negligence; Plea.*—Where the action was for the death of a miner by a fall of a portion of a roof, a plea alleging that decedent was informed of the condition of the roof at the place of the alleged injury, and with such knowledge, and knowing that the roof was liable to fall at any moment, negligently placed himself under the same and was

[Black v. Roden Coal Co.]

injured; and another plea alleging that decedent was guilty of negligence which proximately contributed to his alleged injury, in that, with knowledge that a part of the top of the mine was loose, and was in danger of falling, and that, should the same fall when he was under or dangerously near the same, injury would result to him, yet he nevertheless went under, or dangerously near the same whereby, and as a proximate consequence of which, he was struck and injured, was each definite and certain, and sufficient as pleas of contributory negligence.

2. *Same.*—Where the action was for the death of a miner by a fall of a portion of the roof of the mine, a plea alleging that decedent knew of the existence of the alleged defective roof, and at the time of the alleged injury, it was his duty to remedy such defect, which duty he negligently failed to perform, and as a proximate consequence thereof was injured, was not subject to demurrer on the ground that it failed to allege that the decedent negligently or voluntarily did anything or failed to do anything which was the proximate cause of his death, or that it did not aver that it was decendent's duty to see that the part of the roof which fell was in a safe condition, or on any other ground of demurrer filed thereto.

(Dowdell, C. J., and Anderson, J. , dissent in part.)

APPEAL from Bibb Circuit Court.

Heard before Hon. B. M. MILLER.

Action by J. E. Black as administrator against the Roden Coal Company for damages for death of his intestate while engaged in the service or employment of the defendant. Judgment for defendant and plaintiff appealed. Affirmed.

The complaint states a cause of action under subdivision 1, and avers the negligence to have been a defect in the condition of the ways, works, machinery, etc., connected with or used in the business of the defendant, which consisted in a portion of the roof of defendant's mine being defective, which defect had not been discovered or remedied, etc. The pleas are as follows: C. The plaintiff's intestate knew of the existence of the alleged defective roof, and at the time of the alleged injury it was the duty of the intestate to remedy such defective condition, and which said duty intestate to remedy such defective condition, and which said duty intestate negligently failed to perform and

as a proximate consequence thereof was injured. The demurrers to plea C. were as follows: 1. The contributory negligence attempted to be averred in said plea is alleged as the mere conclusion of the pleader. 2. There are no facts alleged in said plea to which the law attaches as a conclusion contributory negligence upon the part of the plaintiff. 3. The allegation of said plea are made in the alternative. 4. Said plea avers more than one defense. 5. Said plea is duplex. 6. Said plea is multifarious. 7. The contributory negligence averred in said plea is not averred to have been the proximate cause of the injury complained of in the complaint. 8. It does not appear from the allegations of said plea that the contributory negligence averred therein was a proximate cause of the death of plaintiff's intestate. 9. It is not alleged in said plea that plaintiff's intestate knew that a part of said roof was in danger of falling. 10. It is not alleged in said plea that plaintiff's intestate knew of the defects alleged in the complaint and of the danger arising out of the defect which said plea charges, or attempts to charge him with knowledge of. 13. It does not appear from the allegations of said plea how near plaintiff's intestate allowed himself to be to said part of the top of said mine. 14. It does not appear from said plea, except by way of the mere conclusions of the pleader, that plaintiff's intestate negligently allowed or caused himself to be under or in dangerous proximity to a part of the top or roof of said mine. 15. It is not averred in said plea that plaintiff's intestate went under or near said part of the top or roof of said mine. 16. It is not alleged in said plea that plaintiff's intestate voluntarily went under or near said part of the top of said mine, or roof. 17. It is not averred in said plea that plaintiff's intestate knew that said part of the top or roof of said mine was

in danger of falling. 18. It is not alleged in said plea that plaintiff's intestate was charged with the duty to remedy said defect or that he created the same. 19. It is not alleged in said plea that plaintiff's intestate committed the negligent act causing the death complained of. 20. It is not alleged in said plea that plaintiff's intestate negligently went under said roof of said mine. 21. It is not alleged in said plea that the danger of said roof or top of said mine falling was of such a degree as would deter one in the exercise of ordinary care and prudence from incurring the same. 22. It is not alleged in said plea that plaintiff's intestate assumed any risk by going under said roof of said mine or that said risk was of such a degree of danger as would deter one in the exercise of ordinary care and prudence from incurring the same. 23. It is not alleged in said plea that plaintiff's intestate voluntarily went under said roof with the knowledge that the same would likely or probably fall upon him while he was thereunder. 24. It is not alleged in said plea that plaintiff's intestate went under said part of the top or roof of said mine with the knowledge that the same was likely to or probably would fall upon him. 25. It does not appear, except as a mere conclusion of the pleader, how near intestate went to said part of said top or roof of said mine. 26. It is not alleged in said plea that plaintiff's intestate negligently or voluntarily did anything or failed to do anything which was the proximate cause of his death. 27. Said plea does not aver that it was plaintiff's intestate's duty to see that the part of the top or roof of said mine which fell upon him was in safe condition. 28. Said plea confesses the negligence alleged in the complaint, and avers no facts sufficient in law to avoid liability for the same. 29. Said plea does not aver that it was plaintiff's intestate's duty to see

[Black v. Roden Coal Co.]

that said part of the top or roof of said mine was in proper condition.

Plea D. is as follows: That plaintiff's intestate.was informed of the condition of the roof of said mine at the place of the alleged injury, and with said knowledge, and knowing that the same was liable to fall at any moment, negligently placed himself under the same and was injured. Plea 5. Defendant says that plaintiff's intestate was himself guilty of negligence which proximately contributed to his alleged injury, and that said negligence consisted in this; plaintiff's intestate, with knowledge that a part of the top or roof of said mine was loose and was in danger of falling, and with knowledge that should the same fall when he was under or dangerously near same, injury would result to him, nevertheless said intestate negligently went under or dangerously near the same, whereby and as a proximate consequence of which said roof or top of said mine fell upon him and so injured him that he died. The demurrers filed to Pleas C. were also filed to the other pleas with some additional grounds not necessary to be here set out.

DENSON & DENSON, for appellant. The court improperly overruled demurrers to plea 5.—*So. Ry. v. Shelton,* 136 Ala. 208; *K. C. M. & B. v. Thornhill,* 141 Ala. 234; *Western Ry. v. Russell,* 144 Ala. 153; *S. S. S. & I. Co. v. Hutchinson,* 144 Ala. 288; *A. G. S. v. McWhorter,* 156 Ala. 281; *Mobile Elec. Co. v. Sanges,* 169 Ala. 356. A plea should be positive, and should be stated according to its legal effect.—*H. A. & B. v. Dusenberry,* 94 Ala. 418; *So. Ry. v. Bunt,* 131 Ala. 596. Under any system of practice, a pleading is bad, when it states material facts in the alternative.—6 Cyc. P. & P. 268. To have proven one alternative when another was alleged

would have constituted the variance as would have been the case to have alleged **one and proven** another.—Authorities supra. The court **was in error in** overruling demurrers to plea C.—Authorities supra, and *S. S. S. & I. Co. v. Smith,* 166 Ala. 447; *Osborn v. Ala. S. & W. Co.,* 135 Ala. 575; *So. Ry. v. Branyon,* 39 South. 165; *Creola L. Co. v. Mills,* 149 Ala. 482; *Evans v. A. G. Syrup Co.,* 56 South. 529; *Mascot C. Co. v. Garrett,* 156 Ala. 297; *Tutwiler C. C. & I. Co. v. Farrington,* 144 Ala. 166; *U. S. C. I. P. & F. Co. v. Granger,* 55 South. 245. The court was in error in overruling plaintiff's demurrer to plea D.—*Bear Creek M. Co. v. Parker,* 134 Ala. 301; *B'ham F. & M. Co. v. Gross,* 97 Ala. 222; *New C. C. & C. Co. v. Kilgore,* 162 Ala. 654; *R. C. Mfg. Co. v. Hamlin,* 144 Ala. 213; *Pioneer M. & M. Co. v. Smith,* 150 Ala. 358; *B. M. & C. Co. v. Skelton,* 149 Ala. 472; *B. R. & E. Co. v. Allen,* 99 Ala. 369.

LAVENDER & THOMPSON, for appellee. Plea 5 is amply supported by the case of *Merriweather v. Sayre M. & M. Co.,* 161 'Ala. 441, and cases there cited. In construing pleas, they must be considered in connection with the allegation of the complaint to which the plea is addressed, and when so considered, plea 5 and the other pleas are clear, concise statements of the facts, and not the averment of legal conclusion.—*Pace v. L. & N.,* 166 Ala. 519; *Brown v. S. L. & S. F. R. R. Co.,* 133 Ala. 279. Plea D was not subject to the demurrers interposed.—*Oakley · v. Howison,* 118 Ala. 215; *New C. C. & C. Co. v. Kilgore,* 162 Ala. 642; *Stewart v. S. S. & I. Co.,* 170 Ala. 544; *Zimmerman v. Hill Creek C. Co.,* 170 Ala. 553; *So Ry. v. McGowan,* 149 Ala. 452. On these authorities, the other pleas must be held good.

ANDERSON, J.—Plea C was defective, and was subject to the plaintiff's demurrer. It sets up no facts

[Black v. Roden Coal Co.]

showing negligence on the part of the plaintiff's intestate proximately contributing to his injury or death. It may have been his duty to remedy the defect, yet his failure to repair could not, in and of itself, proximately contribute to his injury. It does not charge him with any negligence in placing himself in a position of danger, but seeks to preclude a recovery upon the sole reason that the intestate negligently failed to remedy the defect, as it was his duty to do, and after knowledge of the defective condition of the roof. He is not charged with negligently placing himself within the zone of danger, and, from aught that appears from the said plea, except by way of a remote conclusion, the intestate's failure to remedy the defect was not the proximate cause of his death. Moreover, the plea charges a mere knowledge of the defect, and not of the danger, and which renders it bad, either as a plea of contributory negligence or assumption of risk.—*Mascot Coal Co. v. Garrett,* 156 Ala. 297, 47 South. 149; *So. R. R. Co. v. McGowan,* 149 Ala. 440, 43 South. 378; *So. Cotton Oil Co. v. Walker,* 164 Ala. 33, 51 South. 169; *Tutwiler Co. v. Farrington,* 144 Ala. 157, 39 South. 898.

Pleas 5 and D are good pleas of contributory negligence, and were not subject to the plaintiff's demurrers, and which were properly overruled by the trial court. They charge that the intestate went under or dangerously near the roof with a knowledge, not only of the defect, but with a knowledge and appreciation of the danger, and the contributory negligence as therein set up could hardly be more definite or explicit.

Affirmed.

All the Justices concur as to pleas 5 and D; but a majority are of opinion that plea C was either good, or was not subject to the grounds of demurrer assigned

[Hull v. Wimberly & Thomas Hdw. Co., et al.]

thereto, whether good or not, and that the case should be affirmed.

SIMPSON, MCCLELLAN, MAYFIELD, SAYRE, and SOMERVILLE, JJ., concur. DOWDELL, C. J., and ANDERSON, J., dissent.

