# Lookout Fuel Co. *v.* Phillips.

## *Injury to Servant.*

(Decided June 30, 1914.   Rehearing denied November 10, 1914.
66 South. 946.)

1. *Master and Servant; Injury to Servant; Assumption of Risk; Contributory Negligence.*—Under section 3910, Code 1907, where the action is by the servant against the master for injuries, pleas of contributory negligence and assumption of risk which allege knowledge on the part of the servant, of the defect in the roof, but which failed to show or allege either that it was the duty of the servant to remedy the defect or the commission by him of a negligent act causing the injury or contributing thereto, are insufficient, and subject to demurrer.

2. *Same.*—Pleas of contributory negligence and assumption of risk which merely allege the knowledge on the part of the employee of defects in the roof, do not charge him with the assumption of risk, or of contributory negligence in continuing to work, in the absence of an allegation that he had such knowledge in time to avoid the injury.

3. *Same.*—Under section 3910, a coal mine employee working in an entry is not guilty of contributory negligence in continuing to work, though he had knowledge that the entry was defectively propped, and he does not assume the risk of the defect, unless it was his duty to remedy the defect, or unless, further propping was made necessary in the course of his work, which he failed to do, and which it was his duty to do, such failure either solely causing or contributing to the injury.

4. *Same; Mines; Statutes.*—Sec. 1021, Code 1907, does not require miners to prop or look after the safety of the entries; the duty rests upon the operator of the mine.

5. *Same; Safe Place to Work.*—The duty of an operator of a coal mine to prop or look after the safety of entries is owed to those employees who are working in rooms that must be reached through such entry; but such duty is not owed to employees charged with the duty of propping the entry, or where they are engaged at work in an entry properly propped, which is of such a character as to make further propping necessary; in the latter case the employees assume the risk of a negligent failure to do the further necessary propping.

6. *Same.*—Where a coal mine employee is engaged in removing props or stumps of coal left in an entry, and is required to do all the propping necessary as the work progresses, and to remedy defects existing in the roof by properly propping it, he cannot recover from an injury caused solely by such defect.

7. *Same.*—Where the injury was not the proximate result of an original defect in the roof, but the employee failed to properly prop

the roof as the work progressed as he was required to do, he was not entitled to recover for the injuries suffered, although it was the operator's duty to have remedied the original defect.

8. *Same; Evidence; Jury Question.*—Under the evidence in this case it was a question for the jury whether the miner injured by slate from the roof of the mine falling on him was guilty of contributory negligence or assumption of risk.

9. *Same; Pleading; Instruction.*—A charge directing a verdict for the employer on a hypothetical state of fact showing an assumption of risk which is not pleaded, is properly refused.

10. *Same.*—A charge asserting that if the injuries were caused by the employee's own independent negligence, there could be no recovery, was improperly refused where there was evidence authorizing an inference of the existence of facts hypothesized in the charge.

11. *Appeal and Error; Review; Matters Not Shown.*—Where the record does not show what the answer would have been, this court will not review the sustaining of an objection to the question.

APPEAL from DeKalb Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

Action by D. W. Phillips against the Lookout Fuel Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The complaint sufficiently appears from the opinion.

The following is given as example of the pleas to which demurrers were sustained:

(4) Plaintiff was guilty of negligence which proximately contributed to his injury in this: That the roof of the entry was in a defective condition, the slate and other materials composing the roof of said entry being loose and liable to fall; that this defective condition of the roof of said entry existed at the place at which plaintiff was working at the time of said injury; that plaintiff knew of the defective condition of the roof of said entry, and knew the danger of working beneath said defective roof at the place at which he was working at the time of said injury; but that, notwithstanding this knowledge, plaintiff negligently worked in said entry beneath said defective roof, which negligence proximately contributed to his said injury. (7) Prox-

imate contributory negligence, in this: That the roof of said entry was in a defective condition at the place at which plaintiff was working at the time of said injury, rendering it dangerous to work in said entry beneath said defective roof; that plaintiff was notified of this defective condition and of the danger in working in said entry prior to the time of said injury; but that notwithstanding this notice, and notwithstanding his knowledge of the danger thereof, he negligently worked in said entry, thereby causing his injury. (21) Plaintiff assumed the risk of injury, in this: That at and before the time of said injury plaintiff was employed by defendant as a workman in defendant's coal mine; that at the time of said injury plaintiff was engaged in taking coal from the sides of a certain entry or passage in which he was working at said time; that it was the duty of plaintiff or such workman in said mine to prop the stones, slate, or other material resting upon or immediately above said coal before blasting, to keep said stones, slate, or other material from falling; that plaintiff knew that, unless said material was so propped, said material was liable to fall and injure him; but that plaintiff, knowing and appreciating the danger of so doing, failed to prop said material as aforesaid, and thereby assumed the injury.

The following charges were refused to defendant:

(3) The court charges the jury that if they believe from the evidence in the case that the roof of the entry in which plaintiff was injured was defective, and that plaintiff was given choice as to which entry or room he would work in, after having been warned by his superior of the dangerous condition of the roof of said entry, and if they further believe from the evidence that other of the locations offered to or open to plaintiff was safe, then they should find for defendant. (4) If the

jury believe from the evidence in this case that plaintiff was instructed by George Ledford, his superior officer, to prop said pillars or stumps after the blast, and that a sufficient number of props suitable for the purpose were placed convenient for plaintiff's use, but that plaintiff failed to follow said instructions and failed to prop said pillar and stump and was injured because of such failure, then you will find for defendant. (5) If you shall find from the evidence that it was the duty of plaintiff to put in props at the place or places from which he removed the coal, and that he failed to put in such props, and that defendant supplied props for the use of defendant, and that by reason of plaintiff's failure to put in the prop at the place from which he removed the coal, and such failure on his part was the proximate cause of the injury, plaintiff could not recover, no matter what particular position he occupied in the room or entry at the time of the accident.

PRITCHARD, ALLISON & LYNCH, and DAVIS & POPE, for appellant. The court erred in sustaining demurrers to pleas 2 to 7, inclusive.—*Porter v. T. C. I. & R. R. Co.,* 59 South. 255; *Black v. Roden C. Co.,* 59 South. 497; *Osborn v. Ala. S. & W. Co.,* 135 Ala. 571; *M. & B. R. R. Co. v. Holborn,* 84 Ala. 133; *Simmerman v. Hill C. C. Co.,* 170 Ala. 553; *Mascot C. Co. v. Garrett,* 156 Ala. 297. The court also erred in sustaining demurrers to pleas 11 to 16, inclusive.—*Lockhart v. Sloss-Sheffield,* 156 Ala. 516; *So. C. O. Co. v. Walker,* 164 Ala. 33; *Briggs v. T. C. I. & R. R. Co.,* 163 Ala. 237; *Alteriac v. W. P. C. Co.,* 161 Ala. 435. Counsel discuss other assignments of error in the light of these authorities, with the insistence that the cause should be reversed and remanded.

R. C. & L. P. HUNT, and M. W. HOWARD, for appellee. The demurrers to the pleas were properly sustained.— Sec. 3910, Code 1907; *T. C. I. & R. R. Co. v. Burgess,* 158 Ala. 522, and authorities cited. On these authorities, it must be held that there was no error committed by the court in the trial of this cause that was prejudicial to defendant.

THOMAS, J.—The case was tried on count 1, as amended, of the complaint, which count was predicated on subdivision 1 of the Employers' Liability Statute (Code, § 3910), and which averred in substance that the plaintiff, while in the service and employment of the defendant as a coal miner in one of its mines, was injured by the falling upon him of stone or slate from the roof or top of the entry in which he was at the time of the injury engaged in work under said employment, and that said injury was the proximate consequence of a defect in the condition of the ways, works, machinery, or plant of defendant in this: That said roof or top of said entry was not properly or sufficiently propped to prevent said stone or slate from falling, and that such defect had not been discovered or remedied owing to the negligence of the defendant or of some person intrusted by it with the duty of seeing that said ways, works, machinery, or plant were in proper condition.

The defendant filed a plea of the general issue and 22 special pleas, numbered consecutively from 2 to 23, inclusive—some of contributory negligence and some of assumption of risk. Demurrers were interposed by plaintiff to each and all of these pleas, and were overruled as to those numbered 8, 9, 10, 17, 18, 19, and 20, upon which and the general issue the trial was had, but were sustained as to those special pleas numbered 2, 3, 4, 5, 6, 7, 11, 12, 13, 14, 15, 16, 21, 22, and 23. On the

trial there was verdict and judgment against defendant, and it appeals, assigning as error, among other things, the action of the trial court in sustaining plaintiff's demurrer to the pleas mentioned.

With respect to the pleas to which the demurrer was sustained, we may say that while in the case of *Birmingham Railway, Light & Power Co. v. Allen*, 99 Ala. 359, 13 South. 8, 20 L. R. A. 457, and others in this state that might be cited, the doctrine was established in this jurisdiction that employees, who have knowledge of unsafe conditions or defects in the ways, works, machinery, or plant connected with or used in the master's business, assume the additional risk thereof if they continue in the service after the lapse of a reasonable time in which to remedy or remove such conditions, yet this doctrine was, before the happening of the injury here complained of, modified by the addition to section 3910 of the Code of the following proviso:

"That in no event shall it be contributory negligence or assumption of the risk on the part of a servant to remain in the employment of the master * * * after knowledge of the defect or negligence causing the injury, unless he be a servant whose duty it is to remedy the defect or who committed the negligent act causing the injury complained of."—*Pratt Con. Coal Co. v. Davidson*, 173 Ala. 672, 55 South. 886.

These considerations make it plain that the court committed no error in sustaining the demurrer to the pleas mentioned, if upon no other ground, because, though each plea alleged knowledge on plaintiff's part of the defect in the roof, each failed to allege or show either that it was the duty of plaintiff to remedy such defect or that he committed a negligent act which caused the injury complaned of, or which contributed with said defect in causing it. Furthermore, even if

the law were that the mere fact of knowledge on plaintiff's part of the defect in the roof would charge him with the assumption of the risk or with contributory negligence in continuing to work under such roof after such knowledge, it does not appear from either of the pleas that he had such knowledge in time to avoid the injury. What was said in this particular by our Supreme Court with respect to similar pleas in another case is equally applicable to the pleas here, viz.:

"For aught that appears on the face of the plea, the plaintiff may have acquired the knowledge alleged only a moment before the roof fell, and not in time to save himself by even a hasty retreat."—*Tenn. Coal Iron Co. v. Burgess,* 158 Ala. 522, 47 South. 1030.

It becomes unnecessary to consider other grounds of the demurrer, and we refrain from so doing, but as bearing on the other questions presented we cite *Tutwiler Coal & Coke Co. v. Farrington,* 144 Ala. 166, 39 South. 898; *Black v. Roden Coal Co.,* 178 Ala. 531, 59 South. 497; *Porter v. T. C. I. Co.,* 177 Ala. 406, 59 South. 255; *Ala. Fuel & Iron Co. v. Benenante, infra,* 66 South. 942.

Section 1021 of the Code thus provides:

"The owners, agents, and operators of any coal mine shall keep a sufficient supply of props or other timber used in the mines, so that the workmen may at all times be able to prop their working places, and the owner, agent, or operator shall afford the miners working in their mines proper facilities for the delivery of props and other timber needed by them in their respective working places."

Our Supreme Court in the construction of this and other statutory provisions relative to the matter have said:

"Our statutes on the subject of mining indicate a public policy to the effect that mineowners and operators

shall be charged with the duty of making their mines reasonably safe for miners; and miners themselves are also required in certain cases to look out for their own safety, as in propping the roofs of the rooms in which they work; the duty of furnishing the timbers being cast on the company. But there is no provision requiring miners to prop or look after the safety of entries. That duty rests therefore on the owners or operators of the mines."—*Sloss-Sheffield Steel & Iron Co. v. Green,* 159 Ala. 184, 49 South. 304.

Such declared duty on the part of the minowner or operator to prop the entries is, as seen from the context, not one that is owed to all the miners indiscriminately, but one that is owed to those that are working under their employment in rooms that have to be reached through such entries, and is based on the general duty owed by the master to furnish a reasonably safe place of egress and ingress for his employees to and from such rooms or other places at which they are directed to work in the mines. As to particular miners this duty to prop the entry may rest on the miner himself; for instance, when he is employed to do that particular work or is employed to make the entry itself and to prop it as the work progresses, or where he engages in work in the entry, after it is made and properly propped, which is of such a character as to render further propping necessary.

"The duty of the master does not extend to   *   *   * keeping a place reasonably safe, where the work is to make a reasonably safe place dangerous."—*Amc. Bridge Co. v. Seeds,* 144 Fed. 605, 75 C. C. A. 407, 11 L. R. A. (N. S.) 1041.

In such case the servant assumes the risk of his negligent failure to do the necessary propping, and if injured as the result of such failure he cannot complain.

—*Ala. Con. Coal Co. v. Heald,* 168 Ala. 649, 53 South. 162.

If the entry in which the servant is engaged to do the work of the character last mentioned was originally defectively or not sufficiently propped, and as a consequence was in an unsafe condition at the time the servant was put to work in it, and if the master knew or should have known of such defect, and if it was not the duty of the servant to remedy it, and he is injured as a proximate result of such defect, although he knew of its existence, he is entitled to recover for the injury, unless his negligent failure to do the further propping necessitated, as said, by the character of the work in which he was engaged, either caused or contributed with said defect in causing the injury complained of. In other words, the servant is not guilty of contributory negligence in working in the entry, although known to him to be defectively propped, nor by such working does he assume the additional risk of such defect, unless either it was his duty to remedy the defect, or unless in the course of the work he was put to do, further propping was made necessary, which it was his duty to do, and he negligently failed to do such further propping, and such negligent failure either solely caused the injury or contributed with said defect in producing it.— Code, § 3910, last provision; *Ala. Con. Coal & Iron Co. v. Heald,* 168 Ala. 649, 650, 53 South. 162.

It appears from the evidence without dispute that the plaintiff was an expert coal miner of 12 years' experience, and had, for a period of about 30 days before the accident which resulted in the injury complained of happened, been working for defendant as a miner at different places in the mine, being engaged during such time and at the time of the accident in that character of mine work known as "pulling the stumps," or as

"robbing the mine," which consisted in blasting and removing from the mine the pillars or props or stumps of coal that had been left from previous operations as a part of the support of the roof or overhead. It further appears without conflict that the particular place at which the defendant was so working at the time of the injury was an entry, the roof of which was defective and was known to be defective and known not to have been remedied, both to the plaintiff and to the defendant's mine boss, at the time the plaintiff commenced to work at such place in blasting and removing the stumps therefrom and at the time he was injured. The plaintiff admits that it was his duty to do all propping rendered necessary by the blasting and removal by him of the stumps mentioned; but, as to whose duty it was to remedy the defect already existing in the roof, by propping the roof at this particular point, whether that of the plaintiff or of defendant, which neither did, is a matter of dispute. If it was the duty of the plaintiff to have done so, though he was injured solely in consequence of such defect, then, of course, he cannot, as seen, recover; and, even if it was defendant's duty to have done so, the plaintiff still cannot recover, either in the event that the injury was not the proximate result of such original defect, or, if it was, in the event the plaintiff's own act in failing, as he admittedly did, to prop the roof after blasting and removing one of the stumps mentioned was a negligent act on his part and contributed with said original defect in producing the injury.

As to these matters, the evidence for the plaintiff tended to show in substance, among other things, that he, on the day of the injury, having finished the work at those places in the mine where he had, up to that time, been working, applied to defendant's mine boss,

one George Ledford, for direction as to a new place at which to work, and that the mine boss told him to go to either of two named places that he (plaintiff) might prefer; that he (plaintiff) went down and looked at only one of these places, which was the entry in which the accident subsequently occurred, and, finding the coal "better and some handier" in such entry went back and reported to the mine boss that he would take that place, but that there were some cracks in the roof, which he requested the mine boss either to have propped or to send him (plaintiff) some timbers down there with which to do the propping, and that he (plaintiff) would not go to work until the next day, whereupon the mine boss told him to go ahead to work then, that he (the mine boss) would fix the roof or make it all right; that thereupon he (the plaintiff) immediately returned to the entry and put a blast in one of the stumps thereof that was on the left-hand side of the entry (the side opposite the side where the crack in the roof was, the crack being on the right-hand side); that he then lighted the fuse to the blast and went off to dinner, and that upon returning in about an hour, which was after the explosion, he carefully examined and tested with his pick and hands the roof where the explosion took place and found it sound and not to have been broken or in any way disturbed by the explosion, and that, consequently, it was unnecessary to put in any timber props where this stump had been blown out and that he did not do so; that by the explosion the coal from this stump was broken and blown across the entry to the opposite side, beneath the place where the said defect in the roof was; that, upon again examining this defect, which had not been propped and no timbers for propping had been sent plaintiff, and finding it unchanged by the explosion and exactly in the same condition as

before—still cracked, but no loose slate or other substance hanging from it—he proceeded to load on a car the coal that had been blown on the floor under such defect; and that while so engaged slate from this defect overhead fell on him, producing the injuries complained of.

The evidence for defendant tended, on the other hand, to show in substance, among other things, that when plaintiff, before the injury, at the time mentioned by him, got out of a place in which to work and applied to defendant's mine boss, said Ledford, for direction as to a new place at which to work, the boss told him there were a number of places 15 or 20, at which work could be done, and to go hunt up one that suited him and then report and he (the mine boss) would then go and examine it; that the plaintiff went off, and, when he subsequently returned and reported that he had selected the particular entry at which the accident subsequently occurred, the boss then and there told him that it was a bad place, and, when the plaintiff replied that he could handle the situation, the mine boss told him that, while defendant company would like to have the coal from that place, yet, if plaintiff went there to work, he would have to do so at his own risk and that defendant would not be responsible; that said mine boss then cautioned and warned plaintiff to set his timbers and put in props before taking out the coal; that there was an ample supply or stock of propping timber on the outside of the mine, accessible and in plain view.

In the light of the conflicting evidence, we are not of opinion that the court erred in refusing the general charge requested by the defendant.

Nor did the court err in refusing written charge numbered 3 requested by defendant; since said charge directed a verdict for defendant if the jury believed a

hypothesized state of facts, therein set out, which facts, if true, showed an assumption of risk on plaintiff's part that had not been set up in or covered by any of the defendant's special pleas.

We are of opinion, however, that written charges numbered 4 and 5 should have been given. Each asserted in effect that, if plaintiff's injuries were caused by his own independent negligence, then he was not entitled to recover. If he was, then the case alleged in the complaint was not made out. There were facts and circumstances in evidence from which the jury might infer the existence of every fact hypothesized in the charges, and we think they should have been given.

The action of the court in sustaining the plaintiff's objection to defendant's question to the latter's witness Cash, "What would be the effect of shooting the stumps out?" cannot be reviewed, as it does not appear what the answer would have been.—*Sellers v. State,* 7 Ala. App. 84, 61 South. 485, and cases there cited.

It is unnecessary to pass upon the question as to whether or not the court erred in not granting defendant's motion for a new trial.

For the errors of the court as pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.