(86 South. 148)

STITH COAL CO. v. CRAYTON.
(6 Div. 619.)

(Court of Appeals of Alabama. April 6, 1920. On Rehearing, May 18, 1920.)

1. MASTER AND SERVANT ☞258(10) — COMPLAINT HELD TO DESCRIBE PLACE OF DEFECT UNDER STATUTE.

In coal miner's action under the Employers' Liability Act, a count of the complaint, alleging that the entry at the place where the rock fell and injured him was defective was sufficient, putting defendant on notice as to the part or place where its plant was defective and as to what it must defend.

2. MASTER AND SERVANT ☞259(5) — COMPLAINT HELD TO CHARGE NEGLIGENCE IN SUPERINTENDENCE.

In a coal miner's action under the Employers' Liability Act, a count of the complaint which, after alleging the fall of rock, averred that it was the proximate result of the negligence of a named employé in the exercise of superintendence, was sufficient.

3. MASTER AND SERVANT ☞234(1)—SERVANT NOT NEGLIGENT MERELY BECAUSE HE KNOWS THE WORK IS DANGEROUS.

A servant is not guilty of contributory negligence in working merely because he knows the work to be dangerous, without regard to the degree of danger and risk involved, nor unless it be danger which would deter one of ordinary prudence from the undertaking, consequently pleas, merely setting up that the servant knew that the place of work was dangerous, are insufficient.

4. PLEADING ☞8(17)—ALLEGATION THAT IT WAS SERVANT'S DUTY TO EXAMINE PLACE, BAD AS A CONCLUSION.

In a servant's action, a plea that it was plaintiff's duty to examine his working place for the purpose of ascertaining its safety, and that he negligently failed to discover the condition of the rock which fell on him, is defective, merely setting forth the conclusions of the pleader.

5. PLEADING ☞196—REPLICATION IN FORM THE GENERAL ISSUE NOT SUBJECT TO DEMURRER.

Plaintiff's replication to defendant's pleas, which was, in effect, the general issue, is not subject to demurrer.

6. EVIDENCE ☞471(17)—TESTIMONY AS TO WHOSE DUTY IT WAS TO KEEP UP MINE ROOF HELD NOT OBJECTIONABLE AS A CONCLUSION.

In an action by a coal miner injured by fall of rock, where it was unquestioned that, if the work had been accepted, the duty of maintaining the roof was on the operator, and, if not, was on the miner, testimony as to whose duty it was to keep up the roof at the place of the accident was admissible, being testimony as to place, and not a conclusion of the witness as to law or fact.

7. EVIDENCE ☞153 — PLAINTIFF MAY EXPLAIN FAILURE TO PRODUCE X-RAY PICTURE.

It having been testified without objection that an X-ray photograph was made of plaintiff's injuries, it was competent for plaintiff to testify as to where the picture was, and to explain why he did not produce it at time of trial.

8. RELEASE ☞12(2)—MUST BE SUPPORTED BY CONSIDERATION.

A release, unsupported by consideration, is void and of no avail as a defense, even though signed by plaintiff.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

17 ALA.APP.—29            [1] Ante, p. 419.

On Rehearing.

9. MASTER AND SERVANT ☞262(4)—PLEA OF CONTRIBUTORY NEGLIGENCE ON PART OF COAL MINER HELD SUFFICIENT.

In an action under the Employers' Liability Act by a coal miner injured by a fall of rock, a plea, setting up that the miner was guilty of negligence proximately contributing to his injury, in that it was his duty to examine and make safe his working place, and that he failed to examine and make the same safe, and that, by reason thereof, the rock fell and injured him, is sufficient, and not subject to demurrer.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Action by L. T. Crayton against the Stith Coal Company for damages for personal injuries suffered while in its employment as a miner. Judgment for the plaintiff, and the defendant appeals. Reversed and remanded on rehearing.

The complaint was as follows: Count 2:

"Plaintiff claims of the defendant * * * damages for that * * * plaintiff, while in the employment of the defendant and while engaged in the active performance of the duties of said employment, was injured in Walker county, state of Alabama, as follows: A rock fell upon plaintiff breaking a number of his ribs, severely and seriously injuring his back, spine, viscera of the cranial, thoracic, pelvic, and abdominal cavities, and general nervous system, thereby causing plaintiff to endure very great physical and mental pain and suffering, to lose a great deal of time from his employment, and to incur great expense in and about the treatment of said injuries, permanently injuring plaintiff, and permanently rendering him less able to earn a livelihood.

"Plaintiff avers that plaintiff received as aforesaid injuries by reason of and as a proximate consequence of a defect in the condition of the ways, works, machinery, or plant used in or connected with the business of the defendant, which defect arose from or had been discovered or remedied, owing to the negligence of the defendant or some person in the service or employment of the defendant and intrusted by it at the time with the duty of seeing that said ways, works, machinery, or plant were in proper condition, viz. that the entry, at the place where said rock fell, from which said rock fell upon plaintiff and injured him as aforesaid, was defective."

Count 3. Same as count 2 down to and including the words "less able to earn a livelihood," and adds:

"Plaintiff avers that he received his aforesaid injuries by reason of and as a proximate consequence of the negligence of a person in the service or employment of defendant, who had superintendence, intrusted to him, whilst in the exercise of such superintendence, viz. said person, to wit, Charley Haynes, negligently in the exercise of such superintendence, caused or allowed said rock to fall upon plaintiff and injured him as aforesaid and on the occasion as aforesaid."

Plea 3 is as follows:

"Plaintiff was guilty of negligence, which contributed proximately to his injury in this: Plaintiff was working in the mines of defendant, engaged in driving an entry, and it was his duty to examine and make safe his working place, and plaintiff negligently failed to examine and make safe his working place, and that by reason thereof said rock or slate fell on him and injured him."

Plea 10 is a plea of assumption of risk, in that plaintiff went to a place negligently in the mines of the defendant, which he knew was not sufficiently propped and was liable to fall and injure him, and it was the duty of plaintiff to prop the roof at said point or to timber it so as to make it safe and protect him from injury.

Plea 13:

"It was plaintiff's duty to examine his working place for the purpose of ascertaining its safety; and, although he made such examination, he negligently failed to discover the dangerous condition of the rock, which was over his working place and fell on him."

Plea 14 avers plaintiff's knowledge of the dangerous condition of the rock, and with said knowledge he voluntarily went under the same and was injured thereby, and that it was plaintiff's duty to prop the roof at the point where the rock fell, or take the said rock down and make the roof safe.

Plea 15. Proximate contributory negligence, in that, with knowledge of the dangerous condition of the rock which fell on him, plaintiff negligently went under the same.

A. F. Fite, of Jasper, for appellant.

Counts 2 and 3 were subject to the demurrers interposed. 183 Ala. 310, 62 South. 804. Pleas 3, 10, 13, 14, and 15 were good. 11 Ala. App. 644, 66 South. 942; 178 Ala. 531, 59 South. 497. The replication should have been sworn to. Section 5338, Code 1907. The testimony of Howard and Fuller, as to whose duty it was to keep up the roof, was improperly admitted. 80 South. 882.

W. A. Denson, of Birmingham, and Leith & Powell, of Jasper, for appellee.

No brief reached the Reporter.

SAMFORD, J. [1, 2] Counts 2 and 3, upon which the cause went to the jury, were framed under subdivisions 1 and 2 of section 3910 of the Code of 1907. In so far as it is necessary here to state, count 2 alleged that the defect in defendant's plant was "that the entry, at the place where said rock fell, from which said rock fell upon plaintiff and injured him, as aforesaid, was

defective," and count 3, after alleging negligence of the superintendent, "that said person, to wit, Charley Haynes, negligently, in the exercise of such superintendence, caused or allowed said rock to fall upon plaintiff and injure him as aforesaid, and on the occasion aforesaid." The allegation in the first count sufficiently designates the part or place where the defendant's plant was defective, and puts it on notice as to what it must defend. Jackson Lumber Co. v. Cunningham, 141 Ala. 206, 37 South. 445; A. G. S. R. R. Co. v. Davis, 119 Ala. 572, 24 South. 862.

The allegation in the third count is a direct charge that defendant's superintendent, in the exercise of such superintendence, negligently caused or allowed the rock to fall on plaintiff. This allegation was sufficient. Bear Creek Mill Co. v. Parker, 134 Ala. 293, 32 South. 700.

[3, 4] Pleas 10, 13, 14 and 15 place too great a burden on the plaintiff. It does not follow that a plaintiff is guilty of contributory negligence in working, merely because he knows the work to be dangerous, without regard to the degree of danger and risk involved, nor unless it be of a danger which would ordinarily deter one of ordinary prudence from the undertaking. Woodward Iron Co. v. Andrews, 114 Ala. 243, 21 South. 440; Eureka Co. v. Bass, 81 Ala. 200, 8 South. 216, 60 Am. Rep. 152; Black v. Roden Coal Co., 178 Ala. 531, 59 South. 497. Nor is it permissible as in plea 13 to merely set out the conclusion of the pleader.

[5] Plaintiff's replication 1 to pleas 18 and 19 was, in effect, the general issue, demurrer to which was properly overruled.

[6] The testimony of Mike Howard and Henry Fuller as to whose duty it was to keep up the roof of the entry was properly admitted. One of the issues in the case was the point at which the injury took place. If it was at one point, the duty was on the plaintiff. If at a point where the work had been accepted, the duty rested on the defendant. As to this, there was no dispute. Duty and place depending upon each other, testimony as to duty was testimony as to place and not a conclusion of law or fact.

[7] It having been testified without objection that an X-ray photograph had been made of plaintiff's injuries, it was competent for plaintiff to testify as to where the evidence was, and to explain why he did not produce it at the trial.

[8] Upon the question of consideration in the release offered in evidence, the evidence was in conflict. If there was no consideration paid for the release, it was void and of no avail as a defense, even if it was signed by plaintiff, and hence the court did not err in refusing to give charges 4 and 5 as requested by defendant.

We find no error in the record, and the judgment is affirmed.

Affirmed.

### On Rehearing.

[9] This court has re-read the opinion in the case of Black v. Roden Coal Co., 178 Ala. 531, 59 South. 497, and is convinced that the former ruling of this court was error, and that plea 3 was good. We are further fortified in this by the decisions in the following: Merriweather v. Sayre Mining Co., 161 Ala. 441, 49 South. 916; Pioneer M. & M. Co. v. Thomas, 133 Ala. 279, 32 South. 15; Mobile Elect. Co. v. Sanges, 169 Ala. 341, 53 South. 176, Ann. Cas. 1912B, 461; Munson S. S. Line v. Harrison, 200 Ala. 504, 76 South. 446.

The judgment of affirmance is set aside, and for the error pointed out the judgment is reversed and the cause remanded.

Reversed and remanded.