# Martin *v.* Foster.

83 213
135 614

*Action on Promissory Note, by Payee against Maker.*

1.  *Burden of proof as to consideration.*—In an action on a promissory note, the *onus* of proving a want of consideration is cast on the defendant (Code, § 3035); and if the evidence leaves the question in doubt, the plaintiff is entitled to recover.

2.  *Charge on testimony of party.*—A charge asked, which is so worded as to make the verdict of the jury turn, not on their belief that certain facts are established by the evidence, but on their belief that the defendant testified to those facts, is properly refused.

APPEAL from the Circuit Court of Bullock.

Tried before the Hon. J. M. CARMICHAEL.

This action was brought by Sterling J. Foster, against J. W. Martin; and was founded on the defendant's promissory note for $2,000, dated at Montgomery, June 5th, 1882, and payable to the order of the plaintiff, one day after date. The defendant pleaded, "that the note sued on is without consideration, and therefore void;" and the cause was tried on issue joined on this plea. On the trial, as appears from the bill of exceptions, the plaintiff offered the note in evidence, indorsed on which was a credit for $1142.15, as "received by settlement August 17th, 1885;" and it was admitted as evidence without objection. The defendant then testified that the note was given under these circumstances: Defendant was standing on a street corner in Montgomery, on the day the note was given and dated, and was talking with a friend about an intended trip to Texas to purchase mules and ponies for resale in Alabama, when the plaintiff came up, and proposed to go into the venture with him; and on defendant's consenting, plaintiff went into the bank, and came out with $2,000, which he delivered to the defendant, to be invested and used in the purchase of the mules and

[Martin v. Foster.]

ponies on their joint account; and defendant then signed the note sued on, without reading it, as a receipt or memorandum of the transaction. The defendant testified, also, that he bought the mules and ponies in Texas, and shipped them by railroad to the defendant at Union Springs; that on a partial settlement between them afterwards had, plaintiff accounted for the amount indorsed on the note as a credit, and afterwards collected other moneys from men to whom he had sold some of the mules and ponies, for which he had not accounted. The plaintiff, testifying in rebuttal, admitted that the money was advanced under the circumstances stated by the defendant, and that the credit was entered as stated. "This being all the evidence, the court charged the jury, on request of the plaintiff, that the burden of proving a want of consideration is on the defendant; that the note imports a consideration, and if the evidence introduced by the defendant leaves the matter in doubt, the presumption created by the note must prevail, and the jury should find for the plaintiff." The defendant excepted to this charge, and requested the following charge in writing: "The fact, if it be a fact, that defendant testified that the note sued on was given for money to be invested by the defendant in the purchase of mules and ponies, or other stock, under an agreement that defendant should also invest any other sum in the purchase of such property, to be sold, and the profits arising from the investment to be divided between him and the plaintiff; and that plaintiff, when examined as a witness, did not deny such testimony, is a circumstance tending to show that the note is without consideration." The court refused this charge, and the defendant excepted; and he now assigns as error the charge given, and the refusal of the charge asked.

NORMAN & SON, for the appellant, cited *White v. Toles & Dunlap*, 7 Ala. 569; *Moore v. Smith*, 19 Ala. 774; *Emanuel v. Draughn*, 14 Ala. 303; Collyer on Partnership, p. 5, note; 2 Brick. Digest, 309, §§ 138-40.

WATTS & SON, *contra*.

SOMERVILLE, J.—The note sued on certainly imported a consideration upon its face, *prima facie*, and the burden of proving the want of consideration was cast on the defendant; and if the question of a legal consideration was left in doubt by the evidence bearing on that point, the pre-

[Stanley v. Ehrman.]

sumption created by the note would prevail, and thus entitle the plaintiff to recover. The first charge given by the court, at the plaintiff's request, and announcing the foregoing proposition, was correct.

The main point insisted on by the appellant's counsel, in the brief on file, seems to be, that the plea of a want of consideration would be sustained, if the jury believed that the money purporting to be due by note from the defendant to the plaintiff, was, in truth and fact, advanced by the payee to be invested by the maker on their joint account in a partnership enterprise. Admitting the correctness of the contention, there is no ruling made by the court below which raises this question for our review. The written charge requested by the defendant, which is supposed to present the question, fails to do so. It is defective, in failing to submit to the jury the credibility of the testimony on this point. "The fact," reads the charge, "if it be a fact, that the defendant *testified* that the note sued on was given for money to be invested by defendant in the purchase of mules and ponies, or other stock, under an agreement," etc., such testimony would tend to show a want of consideration. It may be that the facts *testified to* by this witness, if believed by the jury, would tend to prove the proposition contended for; but the mere act of testifying itself could have no such tendency, unless the facts testified to were believed to be true. In other words, the verdict of the jury is made to turn, not upon the belief of certain facts as true, but upon the belief that the defendant had testified to their truth. It is manifest that this charge was properly refused by the court.

The giving of the second charge requested by the plaintiff was free from error.

Judgment affirmed.