# Brown *v*. Johnston Brothers.

*Action on Promissory Note.*

1. *Action; beneficial owner of note.*—An action on a promissory note is properly prosecuted in the name of the beneficial owner as the party really interested.

2. *Same; who is beneficial owner.*—The payee of a note, who has delivered it as part of his assets to an assignee under a general assignment for the benefit of creditors, and to whom it has been re-delivered by such assignee after settlement made with the creditors, is the beneficial owner of such note.

3. *Same; assignment for benefit of creditors; assignment of note.* In order to pass title to a note, which has passed to an assignee under a general assignment and been re-delivered to the payee upon a settlement being made with his creditors, it is not necessary that the note be transferred and assigned by such assignee.

4. *Promissory note; when admissible in evidence; non est factum;*
    *alteration.*—A plea of *non est factum*, setting up a material
    alteration of a note admits the execution of the note, and
    the note is properly admitted in evidence without prelimin-
    ary proof of its execution.

5. *Same; consideration.*—A note is *prima facie* evidence of suffi-
    cient consideration, and the burden is on the maker to
    plead and prove a want or failure of consideration.

6. *Trial; argument of counsel to jury.*—In an action on a note,
    where *non est factum* is pleaded, remarks of counsel for
    plaintiff in argument to the jury, that "if these pleas be true,
    then they charge the plaintiff with forgery," are not im-
    proper, being but the expression of an opinion and not the
    statement of a fact not in evidence.

7. *Trial; objection to question; error without injury.*—Where, in
    answer to a question, a witness replies that he does not re-
    member, error in overruling an objection to the question is
    without injury.

APPEAL from the Circuit Court of Hale.

Tried before the Hon. JOHN MOORE.

Action by Johnston Brothers against William Brown
on a promissory note. It was commenced in a justice
of the peace court and appealed to the circuit court.
The case was once before in this court, and is reported
in 126 Ala. 93.

The plaintiffs sued as original payees of the note.
Among the pleas filed was one of *non est factum*, set-
ting up an alteration in the note after defendant signed
it; another denying the plaintiffs were the beneficial
owners of the note; and another (plea D) setting up
that, prior to the commencement of the action, plain-
tiffs had transferred and assigned said note to one G.
B. Johnston.    Plaintiffs, by replication, set up, (1)
that said assignment to Johnston was a general assign-
ment for the benefit of creditors; that subsequently and
before the commencement of this suit the plaintiffs
settled with all of their creditors, and it was agreed that
said assignment should be held for naught, and the note
sued on was returned to plaintiffs by said G. B. John-
ston, and that plaintiffs at the time of the commence-
ment of this suit were and now are the beneficial own-

ers of said note. (2) That at the time the suit was brought the plaintiffs were, and they are now, the beneficial owners of said note. The defendant objected to the filing of these replications on the ground that they were a departure from the original cause of action, in that plaintiffs sued originally as payees of the note and not as the beneficial owners thereof. This objection was overruled, and defendant excepted.

Thereupon defendant demurred to said first replications upon the following grounds: (1) That it showed that G. B. Johnston was the owner of the legal title to said note. (2) That said Johnston was not made a party plaintiff to the suit. (3) Because suit was not brought in the name of said G. B. Johnston for the use of plaintiffs. (4) Because said replication did not aver that said note was assigned or transferred in writing to plaintiffs. (5) Because said replication fails to aver the names of the persons by whom it was agreed that said assignment should be treated and held for naught. The grounds of demurrer to the second replication to said plea were: (1) Because it fails to aver in what manner they acquired the beneficial ownership of said note. (2) Because it fails to aver or show who are the beneficial owners of said note, if it is not said G. B. Johnston. (3) Because it fails to aver that said note was, prior to the commencement of this action, transferred or assigned to plaintiffs.

These demurrers having been overruled, defendant set up by rejoinder that said note was not, prior to the commencement of the suit, reassigned or retransferred to the plaintiffs by any written endorsement on said note or by any other written endorsement or other writing of any kind. A demurrer to this rejoinder on the ground that such written transfer or assignment was not necessary, was sustained.

The rulings of the court upon the admission of evidence are sufficiently shown by the opinion.

In the course of his argument to the jury plaintiff's counsel said: "If these pleas be true, then they charge the plaintiffs with forgery." Defendant objected to

[Brown v. Johnston Brothers.]

this statement, and moved that it be excluded from the jury. This motion the court overruled, and defendant excepted.

Charge 2, requested by defendant, was as follows: "If the jury are satisfied from the evidence that the note sued on was given to secure future advances to be made to the defendant, then the burden of proving that advances were made to the defendant and the amount of the advances, and that there was a balance due on said note at the time of the commencement of this suit, is upon the plaintiff." This charge the court refused, and defendant excepted.

From a judgment for plaintiffs defendant appeals.

THOS. E. KNIGHT, for appellant.—The plaintiffs should have been required to prove the execution of the note before the court should have allowed it to be given in evidence. In this cause there was a verified plea setting up the fact that the note when executed was the individual note and undertaking of the defendant; that the plaintiffs, after its execution and delivery to them, caused or procured it to be signed by one Bob Jackson as a comaker with the defendant, and that this was done without the knowledge or consent of the defendant. The rule is well settled in this State that this plea does not cast on the defendant the duty to offer preliminary proof of the execution of the note before it is offered in evidence, unless the alteration is apparent on the face of the note, but if it is so apparent, then the plaintiffs must offer proof of its execution before the note can be given in evidence.—*Barclift v. Treece*, 77 Ala. 528; *Martin v. King*, 72 Ala. 354.

The argument of the plaintiff's counsel, viz., "If these pleas be true, then they charge plaintiffs with forgery," was manifestly improper and should have been excluded on the objection made by the defendant and his motion to exclude the same. The pleas neither charged forgery to the plaintiffs, nor was it necessary to charge forgery to them to avoid liability on the note, on the ground of material alteration. Fraud was not an element in the

case. The court should have excluded that part of the argument of counsel for plaintiffs.—*Anderson v. Bellenger,* 87 Ala. 334; *Lesser v. Scholze,* 93 Ala. 338; *Montgomery v. Crossthwait,* 90 Ala. 553.

DEGRAFFENRIED & EVINS, *contra.*—The objection to filing of replication of plaintiff to plea "D" was properly overruled. If the plaintiff had assigned the note to G. B. Johnston for the benefit of creditors, then, after settling with their creditors, their original rights were restored and a reassignment was not necessary.—14 Ency. Pl. & Pr., 419-420 and notes; *Norris v. Hicks,* 74 Iowa 524.

The demurrers were properly overruled on the same theory.

The objection of defendant to the admission of the note in evidence was properrly overruled. The plea of material alteration admitted the execution of the note by the defendant.—14 Ency. Pl. & Pr., 659, and note 3; *Barclift v. Treece,* 77 Aa. 528.

It was a matter within the discretion of the court to allow the filing of the plea of *non est factum,* and its action is not revisable.—*Donald Bros. v. Nelson,* 95 Ala. 111.

The charges "A" and "B" stated the law correctly and pertinently. The burden of proof was on the defendant to estabish his plea.—*Barclift v. Treece,* 77 Ala. 528.

Charge No. 1, requested by the defendant, was properly refused, there being a conflict in the evidence, which was properly referred to the jury.

Charge No. 2 was properly refused. The note was, *prima facie,* evidence of sufficient consideration, and the burden of proof was on the defendant to show a lack or failure of consideration.—*Martin v. Foster,* 83 Ala. 213.

DOWDELL, J.—The plaintiffs were the beneficial owners of the note sued on, and, under section 28, Code, 1896, the suit was properly prosecuted in their name, as the party really interested. After having settled with their creditors for whose benefit they had made an assignment to G. B. Johnston, as assignee, it was

not necessary to authorize plaintiffs to maintain suit in their own names that the assignee should make written assignment or transfer of the note back to the plaintiffs; a mere delivery being sufficient for the purpose. The note was not transferred by formal indorsement to the assignee, but went into his hands with other assets under the general assignment.

There was no error in overruling defendant's objection to the filing of replications by plaintiffs to plea "D," nor in overruling defendant's demurrer to the replications. The plea set up the assignment by the plaintiffs for the purpose of showing that the plaintiffs were not owners of the note sued on. The replications averred a settlement by plaintiffs with their creditors for whose benefit the assignment had been made, and a redelivery of the note to them by the assignee, and all before the commencement of the suit. This was a complete answer to the plea.

The rejoinder of the defendant to the replication was insufficient in law, as a formal indorsement of the note, or a written transfer of the same by the assignee back to the plaintiffs was not necessary to reinvest them with the beneficial ownership of the note. The court, therefore, properly sustained the demurrer to the rejoinder.

There was no error in admitting the note sued on in evidence without preliminary proof of its execution. The special plea of *non est factum* setting up a material alteration of the note admitted its execution by the defendant.—*Barclift v. Treece*, 77 Ala. 528.

No injury resulted to the defendant in overruling his objection to the question asked the witness Bob Jackson, "Did you have a written contract with the defendant for the year 1894?" even if it was error, as his only response was that he "did not remember whether he had or not."

The remarks of counsel in argument to the jury excepted to, were but the expression of counsel's opinion as to the effect of the special plea of *non est factum*, and not the statement of a fact not in evidence and prejudicial to the defendant, such as calls for the court's interference by arresting the argument. See *Lide v.*

*State,* 133 Ala. 43; 31 So. Rep. 953.

There was no error in refusing written charge No. 2, requested by the defendant. The note was *prima facie* evidence of sufficient consideration, and the burden of proof was on the defendant to show want or failure of consideration.—*Martin v. Foster,* 83 Ala. 213. Moreover, there was no plea setting up want or failure of consideration.

We have considered all of the assignments of error insisted on in argument. We find no reversible error in the record, and the judgment will be affirmed.