# Whitmore *v.* Alabama Consolidated C. & I. Co.

## *Injury to Servant.*

(Decided Dec. 16, 1909.   51 South. 397.)

1. *Master and Servant; Injury to Servant; Complaint.*—Where the action is for injury or death of a servant and a defect in the ways, works, etc., is relied on for a recovery, the defect should be specified and if not so specified, the count is insufficient.

2. *Same; Operation of Mine; Provisions; Complaint.*—The provisions of section 1019, Code 1907, are intended for the protection only of employes engaged at the mine, and a count relying on the failure to keep the supplies therein mentioned which merely avers that the deceased was working in the mine and does not show that he was an employe, is insufficient.

3. *Same; Safe Place to Work.*—Where the objectionable conditions arose from a defect after the employe commenced to work and after control and supervision of the place had been delegated to an agent, recovery cannot be had for the death of an employe under counts based on a failure to provide a reasonably safe place to work.

4. *Same; Maintenance; Delegating Duty.*—A master may delegate the duty of maintaining a safe place to work to agents carefully selected for competency and fitness.

5. *Same; Negligence.*—Negligence not being imputable under the doctrine of res ipsa loquitur, a master cannot be said to be negligent as a matter of law in placing dynamite or dynamite caps in a mine; hence in the absence of proof that they were negligently placed where they were, recovery cannot be had for the death of a miner resulting from an explosion thereof.

6. *Death; Damages; Suffering for Want of Supplies.*—A cause of action for causing pain and suffering does not survive to the administrator under section 2486 and 3912, Code 1907, and hence, counts in a complaint by an administrator which merely aver that certain acts or omissions aggravated or intensified decedent's pain or suffering are demurrable.

7. *Appeal and Error; Harmless Error; Pleading.*—Where a plaintiff fails to establish his complaint, no error results in injury to him in overruling his demurrers to defendant's pleas.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by George Whitmore, as administrator, against the Alabama Consolidated Coal & Iron Company, for damages for the death of his intestate. Judgment for defendant, and plaintiff appeals. Affirmed.

The complaint was as follows: (1) "Plaintiff claims of defendant the sum of $25,000 damages, to wit, that on and prior to the 5th day of June, 1908, the defendant was engaged in operating an iron mine in Gadsden, Etowah county, Ala., and that on and before the date aforesaid plaintiff's intestate was in the employment of defendant, and while in the discharge of his duties under his employment a stick of dynamite, dynamite caps, or other explosive exploded, so badly injuring him that on the next day he died as the result of said injury. And plaintiff avers that said injuries and death of plaintiff's intestate were proximately caused by the negligence of defendant in failing to provide him with a reasonably safe place in which to do his work under his employment." (2) Same as 1, down to and including the words "negligence of defendant," and adding: "In placing or allowing dynamite, dynamite caps, or other explosives to be and remain in such close proximity to plaintiff's intestate's place at which he was at

work under his employment as to render the same unsafe in which to do his work." (3) Same as 1 down to and including the words "proximately caused," and adds: "By reason of defect in the condition of the ways, works, machinery, or plant connected with or used in said business of defendant, which said defect arose from," etc., according to the usual form. (4) Same as 1, except that it is alleged that intestate was at work, in said mine by invitation, and the defendant failed to provide a safe place to work, etc., under such invitation. (5) Same as 1, except that negligence is alleged in failing to provide at the mouth of the mine a stretcher properly constructed, a woolen and waterproof blanket, and a failure to keep at the store of said mine, linseed oil, or olive oil, bandages, and linen. (6) Same as 5, except that the failure to keep blankets and stretchers is not alleged. (7) Same as 5, except that the negligence is alleged in a failure to keep bandages at the mine. (8) Alleges a failure to keep oil and bandages and linen at said store, and by reason thereof the wounds could not be bandaged and oil applied thereto until some time afterwards, and after the intestate had been moved a long distance, whereby his injuries were approximately greatly increased. (9) Same as 8.

GEORGE D. MOTLEY and W. F. STANDIFER, for appellant.—The court erred in sustaining demurrer to count 3.—*Jackson L. Co. v. Cunningham*, 141 Ala. 206. The court erred in sustaining demurrer to counts 5, 6, 7, 8 and 9.—*Wolf v. Smith*, 149 Ala 457; Sec. 2917, Code 1896. The court erred in overruling demurrer to plea 4.—*Osborn v. Ala. S. & W. Co.*, 135 Ala. 571; *Tutwiler C. & I. Co. v. Farrington*, 144 Ala. 159; *Houston B. Co. v. Dial*, 135 Ala. 168; *Huggins v. Southern Ry.*, 49 South. 299. The court erred in giving the general charge for the defendant.—*Huggins v. Southern Ry., supra; Sloss-S. S. & I. Co. v. Green*, 49 South. 301.

HOOD & MURPHREE, for appellee.—A count which relies on a defect in the ways, works, etc., should specify the defect.—*Whatley v. Zenida C. C. Co.*, 122 Ala. 127. Counsel insist that on the authority of *Wolf v. Smith*, 149 Ala. 457, that section 1019, Code 1907, has no application to other than coal mines, and that said section was enacted solely for the protection of employes. They further insist that counts alleging merely the pain and suffering of the decedent stated a cause of action which did not survive to the administrator, and hence, the demurrers were properly sustained to such count.

ANDERSON, J.—Count 3 of the complaint failed to specify the defect in the ways, works, or plant, and was subject to the demurrer which was sustained to same.— *Whatley v. Zenida Coal Co.*, 122 Ala. 127, 26 South. 124. The case of *Jackson Co. v. Cunningham*, 141 Ala. 206, 37 South. 445, is not in conflict with the present holding. There the court construed the complaint as charging a defect in the track, and which specified or designated the ways, works, or plant. Here there is no attempt to specify or designate.

Counts 5, 6, 7, 8, and 9 evidently attempted to state a cause of action under section 1019 of the Code of 1907, for a failure to supply oil, bandages, etc. The mine described in the case at bar is an iron mine, and not a coal mine; but conceding, without deciding, that chapter 30 does not apply exclusively to coal mines, section 1019 is intended for the protection of employes engaged at a mine, and not persons who are not so employed.— *Wolf v. Smith,* 149 Ala. 457, 42 South. 824. Counts 5, 6, and 7 merely aver that the plaintiff's intestate was working in the mine, and do not show that he was an employe and the trial court did not err in sustaining the demurrers to these counts.

Counts 8 and 9 aver that the plaintiff's intestate was working in the mine, and while in the discharge of his duty, etc. But if this showed that he was an employe, which we do not decide, these counts failed to state a cause of action. The counts do not aver that the acts or omissions caused the death of the intestate, but that they merely aggravated or intensified his pain and suffering. This cause of action did not survive, and a suit for the matters complained of and the result of same could not be maintained by a personal representative. Sections 2486 and 3912 give the personal representative the right to sue only for acts and omissions causing death, and not for those merely causing pain and suffering. The demurrers to counts 8 and 9 were properly sustained.

This case was tried under counts 1, 2, and 4. Counts 1 and 4 are under the common law, and for a failure to provide the intestate with a reasonably safe place in which to do his work. There is no proof that an unsafe place was provided, as the place was reasonably safe, when the intestate commenced to work. On the other hand, if the condition of the air, which made it necessary to snuff the lamps in order to see, could be ascribed as the proximate cause of the explosion, which we do not decide, then 'this condition arose from a defect occurring after the intestate went to work in the mine, and not from a failure on the part of the master to provide a safe way in which to perform the work. The only evidence tending to show the cause of the explosion, aside from the inference that the intestate did so himself in handling the caps or permitting his lamp to come in contact therewith, was that the caps were ignited by sparks from the lamp wicks of the miners, produced by snuffing the lamps, and that said snuffing was made necessary in order for them to see, owing to

the condition of the air, and which said condition of the air was due to a defect in the air shaft.

The evidence shows that there was an air shaft, that it was good and sufficient when the intestate started to work, and that it became defective after the intestate had commenced work. The master is under the duty of using ordinary care to furnish the employe with place, ways, and appliances reasonably safe for use; but by the law, as it has been recognized by this court, the duty of maintaining such safe conditions may be discharged by committing its performance to agents carefully selected for competency and fitness.—*Woodward Iron Co. v. Cook,* 124 Ala. 353, 27 South. 455. The evidence shows that the mine was reasonably safe when the intestate started to work, and that the defect arose afterwards, and after the control and supervision of the mine had been delegated to McDuffie. There was, therefore, no proof in support of counts 1 and 4.

Nor was there any proof in support of count 2. It cannot be said, as matter of law, that the placing of caps or dynamite in a mine is negligence, and there was no proof that these were negligently placed where they were. Neither can negligence be imputed to the defendants, under the doctrine of res ipsa loquitur, especially when considered with the evidence connected with and surrounding the explosion.

The trial court did not err in giving the general charge for the defendant.

Since the plaintiff failed to establish his complaint, the defendant was not put to a defense of the action, and the action of the court in overruling demurrers to the plea of contributory negligence, if error, and which we do not decide, was error without injury.

The judgment of the city court is affirmed.

Affirmed.

McCLELLAN, SAYRE, and EVANS, JJ., concur.