(74 South. 972)

### JOHNSON v. STATE ex rel. JONES.
### (8 Div. 467.)

(Court of Appeals of Alabama.   March 23, 1917.
Rehearing Denied April 10, 1917.)

1. BASTARDS ☞55 — EVIDENCE — CONVERSA-
TION NOT IN DEFENDANT'S PRESENCE.

Conversation between defendant's father and prosecutrix in bastardy proceedings was inadmissible, although defendant was "standing in the door," it not being shown what door was meant, nor the parties' distance therefrom, nor tone and volume of voices.

[Ed. Note.—For other cases, see Bastards, Cent. Dig. § 153.]

2. BASTARDS ☞60 — EVIDENCE — ADMISSION BY ACCUSED—SILENCE.

Defendant's silence in the face of accusation is admissible as a confession or admission only where he is shown to have heard and understood accusation and remained silent.

[Ed. Note.—For other cases, see Bastards, Cent. Dig. §§ 166, 169.]

3. BASTARDS ☞55 — EVIDENCE — CONVERSA-
TION NOT IN DEFENDANT'S PRESENCE.

Statement as to conversation, not shown to have been in defendant's presence, brought out on cross-examination of defendant's witness, did not admit proof of entire conversation, on the theory that defendant had offered a part thereof and the state had a right to show all that was said.

[Ed. Note.—For other cases, see Bastards, Cent. Dig. § 153.]

4. BASTARDS ☞55—CRIMINAL PROSECUTION
—EVIDENCE.

The fact that the child's eyes resembled in color the eyes of its maternal grandfather was inadmissible in a bastardy proceeding, having no tendency to show that defendant was the father of the child which was the issue.

[Ed. Note.—For other cases, see Bastards, Cent. Dig. § 153.]

5. BASTARDS ☞92 — APPEAL AND ERROR —
COURT'S DISCRETION—CROSS-EXAMINATION.

The court's ruling in allowing cross-examination to extend to irrelevant matters will not be reviewed; this being a matter of discretion.

[Ed. Note.—For other cases, see Bastards, Cent. Dig. §§ 228–239.]

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Grady Johnson was convicted of bastardy, and he appeals.   Reversed and remanded.

John A. Lusk & Son, of Guntersville, for appellant.   William L. Martin, Atty. Gen., and Harwell G. Davis, Asst. Atty. Gen., for appellee.

BROWN, P. J.   [1] The conversation between Ollie Johnson, the father of the defendant, and the prosecutrix is not shown to have been in the presence of the defendant. It was shown that the defendant and Donehue, the constable, "were standing in the door"; but whether the door was the door to the room in which the conversation took place, or some other door, the distance of the door from the parties in conversation, the volume and tone of their voices, were not shown.

[2] For silence in the face of accusation to be admissible as a confession or an admission against interest, it must be shown that the party accused heard and understood the charge and that he was silent.   Rowlan v. State, 14 Ala. App. 17, 70 South. 953; Martin v. State, 39 Ala. 523.

[3] The admission of the testimony as to this conversation over the defendant's objection cannot be justified on the ground that the defendant had offered a part of the conversation, and the state was entitled to show all, as was held in Webb v. State, 100 Ala. 47, 14 South. 865.   While it is shown that the witness Ollie Johnson had testified as a witness in behalf of the defendant before this conversation was offered and had testified that he said to Mrs. Jones that he was ready for trial, this statement was brought out on cross-examination by the solicitor, and cannot be made the basis for the admission of the entire conversation on the theory that defendant had offered a part of the conversation and the state had the right to show all that was said.

[4] If a fact is irrelevant, it cannot be shown by autoptic proference or otherwise. Wigmore, Evidence, § 1154.   The fact that the child's eyes resembled in color the eyes of its maternal grandfather clearly had no tendency to show that the defendant was the father of the child, and that was the issue before the jury.   Paulk v. State, 52 Ala. 427.

[5] The other matters complained of pertain to the rulings of the court in allowing the cross-examination of the witness to extend to irrelevant matters.   This was a matter of discretion that will not be reviewed. Cox v. State, 162 Ala. 66, 50 South. 398.

Reversed and remanded.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes