(76 South. 901)

### SOUTH BRILLIANT COAL CO. v. McCOLLUM. (6 Div. 379.)

(Supreme Court of Alabama. Nov. 15, 1917.)

1. MASTER AND SERVANT ⟵258(15)—ACTION —COMPLAINT—DUTY OF DEFENDANT.

The complaint, in a servant's action for injury in a coal mine from the falling of the roof, by the averment that defendant negligently allowed it to be and remain in a dangerous con-

---

⟵For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

dition, sufficiently states its duty to maintain it in a reasonably safe condition.

2. WITNESSES ☞275(2) — CROSS-EXAMINATION OF PARTY.

Defendant in a personal· injury action may test the evidence given by plaintiff as to his diminished earning capacity, by cross-examination as to his earnings after the injury.

3. APPEAL AND ERROR ☞1048(6)—HARMLESS ERROR—REFUSAL OF CROSS-EXAMINATION.

The error in denying right to cross-examine plaintiff in a personal injury case, who has testified to diminished earning capacity, as to his subsequent earnings, is not cured by the fact that it could have made the pay roll evidence.

4. MASTER AND SERVANT ☞103(1) — SAFE PLACE TO WORK—MASTER'S DUTY—DELEGATION.

While the master's duty as to furnishing a safe place to work cannot be delegated, its duty as to maintaining it may be delegated.

Appeal from Circuit Court, Marion County; C. P. Almon, Judge.

Action by T. H. McCullom against the South Brilliant Coal Company for damages for injuries suffered while in the employment of defendant. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Count 3 alleges the operation by defendant of a coal mine in Marion county, .Ala., and that while plaintiff was in said mine, in and about the business of defendant, and by invitation of defendant, a part of the roof or top of said mine fell upon or against plaintiff, injuring him in many ways, and in such way as to render his injuries permanent. The negligence averred is that defendant caused or allowed said part of the roof or top of said entry to fall upon or against plaintiff, while plaintiff was in said mine, and on the occasion aforesaid, and as a proximate consequence thereof plaintiff suffered said injury. Count 4 is the same as count 3 as to the statement of relationship and injuries. The allegation of negligence is as follows:

Plaintiff alleges that his aforesaid injuries were the proximate consequence of the negligence of defendant, its agent, or servants, in negligently allowing said roof or rock to be and remain in a dangerous condition, which negligence was the proximate consequence of plaintiff's injury. The question raised by the demurrers is that no cause of action is stated, and it was not shown that plaintiff was at the time of his injury working in said mine at defendant's invitation, and it is not shown that defendant was operating the mine at the time plaintiff was injured, and it is not shown that it was the duty of defendant to maintain the roof in a reasonably safe condition.

A. F. Fite, of Jasper, E. B. & K. V. Fite, of Hamilton, Borden Burr, of Birmingham, and William B. Birch, of Macon, for appellant. Leith & Gunn, of Jasper, for appellee.

THOMAS, J. The suit is for personal injury. The several counts seek recovery under the Employers' Liability Act (Code 1907, § 3910) and under the common law.

Defendant pleaded the general issue, contributory negligence and that the plaintiff was not in the employ of the defendant at the time he sustained the injury.

[1] The court committed no error in overruling demurrers to counts three and four. T. C., I. & R. R. Co. v. Smith, 171 Ala. 251, 257, 55 South. 170; Sloss-Sheffield Co. v. Green, 159 Ala. 178, 184, 49 South. 301; T. C., I. & R. R. Co. v. Moore, 194 Ala. 134, 69 South. 540; Tutwiler C. C. & I. Co. v. Farrington, 144 Ala. 157, 39 South. 898; Sloss Iron & Steel Co. v. Tilson, 141 Ala. 152, 37 South. 427.

[2] Several assignments of error relate to rulings of the court in refusing to allow the defendant to cross-examine plaintiff as to his earnings subsequent to his injury. In these rulings there was error. The measure of compensation to an injured employé is determined by the evidence (which may include mortuary tables, to show the probable duration of life) upon such factors as the age of the person, his business habits, industry, and sobriety, usual earnings, skill, and whatever other relevant facts of the case would aid the jury in arriving at a fair and just compensation for his sustained pecuniary damage. L. & N. R. R. Co. v. Orr, 91 Ala. 548, 8 South. 360; Seaboard Mfg.· Co. v. Woodson, 98 Ala. 378, 11 South. 733; West Pratt Coal Co. v. Andrews, 150 Ala. 368, 43 South. 348; Southern Railway Co. v. Howell, 135 Ala. 639, 34 South. 6; Southern Car & Foundry Co. v. Bartlett, 137 Ala. 234, 34 South. 20. In actions of this kind, where the plaintiff's earning capacity was diminished by the injury, his damages are not to be limited by the kind of work he was performing when injured, nor by the particular amount of compensation he was receiving. B. R., L. & P. Co. v. Simpson, 177 Ala. 475, 59 South. 213. But the defendant may, by proper cross-examination, test such evidence when given by the plaintiff.

[3] On proper predicate a pay roll may be offered as original evidence. Shirley v. Southern Railway Co., 73 South. 430.[1] Defendant here having been denied the right to cross-examine plaintiff as to his subsequent earnings, the fact that defendant could have made the pay roll evidence did not cure the· error of the ruling denying such right.

We cannot say that the defendant had the benefit of this evidence in subsequent evidence given by the plaintiff. It may be that it referred to some items of the pay roll. Yet the fact remains that defendant was not given its free right to cross-examine plaintiff as to his damages, or touching his capacity to earn a livelihood subsequent to his injury, after plaintiff had testified on these questions. Parker v. Newman, 75 South. 479, ante, p. 103.

[4] The duty of the master, under the common law, is to exercise reasonable care to furnish the servant a reasonably safe place to work. This duty cannot be delegated.

_____

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 198 Ala. 102.

Yet the master may delegate the duty of exercising reasonable care to maintain such a place of work in a reasonably safe condition; and if such place becomes unsafe through the negligence of the servant to whom such duty is delegated, the master is not liable. Southern Sewer Pipe Co. v. Hawkins, 192 Ala. 380, 68 South. 271; Langhorne v. Simington, 188 Ala. 337, 66 South. 85, 87; Woodward Iron Co. v. Cook, 124 Ala. 349, 353, 27 South. 455; Tutwiler C. C. & I. Co. v. Farrington, 144 Ala. 157, 39 South. 898; Whitmore v. Ala. C. C. & I. Co., 164 Ala. 125, 51 South. 397, 137 Am. St. Rep. 31; Labatt, Master & Servant (2d Ed.) § 919.

On the retrial of the cause the distinction here recognized between the common-law duty to furnish and that to maintain a reasonably safe place for the servant to perform his labor will be observed.

The other assignments are without merit, or else need not be here considered, because the same may not be involved on another trial.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.