This is an action by a servant against the master to recover damages for personal injuries in consequence of the negligence of the master, or of his or its servants or agents, for whose negligence the statutes of this state make the master liable.
The master in this case is engaged in the business of manufacturing pig iron by means of furnaces, and plaintiff is, or was when the injury occurred, employed by the master in the operation of its furnace or furnaces.
The complaint contained many counts, but all were eliminated, by means of which appellant cannot complain, except three counts, designated A, C, and D. To these counts demurrers were interposed, and the demurrers were overruled, which action as to count A is assigned and insisted upon as error to reverse by the master on the appeal.
Each count and the whole complaint is, of course, grounded upon actionable negligence, negligence which was a breach of duty owing by the master to the injured servant, negligence of the master, or of some of its servants or agents as for whose negligence the statutes or laws make the master liable and require him or it to respond in damages to the injured servant.
The only negligence attempted to be alleged in count A is as follows:
"And plaintiff avers that he suffered all of said injuries and consequent damages by reason of and as a proximate consequence of a defect in the condition of the ways, works, machinery, or plant connected with or used in the business of the defendant, which defect arose from or had not been discovered or remedied owing to the negligence of the defendant or of some person in the service or employment of the defendant, and intrusted by it with the duty of seeing that the ways, works, machinery, or plant were in proper condition, in this: Said furnace or furnace stack was defective."
This count is based on subdivision 1 of section 3910 of the Code, and practically follows the language of the Code provision. The objection pointed out by the demurrer, and here insisted upon as error, is in its failure to sufficiently describe any particular defect. The only attempt to describe any particular defect is in the last clause or phrase, "Said furnace or furnace stock was defective."
It is well settled that our statute allows pleadings in the alternative, as is done in this case; but it is also well settled that a pleading containing such alternatives is no stronger or better than the weakest or worst of the alternatives. So, as to specification of defects, the count must be tested as if it merely alleged that the furnace was "defective." Is this sufficient? We hold not. It is entirely too general. The court judicially knows, and, if not, the court alleges, that a furnace consists of many different parts, and that if a count utterly fail to point out any part of the furnace which was defective, it is too general.
The defendant has the right to be informed as to what particular part of the furnace was defective, or in what the defect consisted, though the plaintiff, under our rules of pleading, is not required to describe in detail the character or nature of the defect. In other words the count ought to inform the court and the defendant of some particular defect. This count utterly fails to inform the court or the defendant as to what is claimed to constitute a defect in the furnace; that is, whether it was a failure to provide it with all or any of the necessary parts thereof, or whether it was providing the furnace with defective or insufficient parts.
The plaintiff and the trial court relied upon the cases of Jackson v. Cunningham, 141 Ala. 213, 37 So. 445, and A. G. S. R. R. Co. v. Davis, 119 Ala. 572, 24 So. 862. While these cases have never been overruled, this court has repeatedly declined to extend the generality of the averment any further than it was extended in those cases. This was done in the case of Tennessee, etc., Co. v. Smith, 171 Ala. 251, 55 So. 170, in which we declined to extend it so as to hold that a defect described as being in "an entry to a coal mine" was sufficient. In the very recent case of Alverson v. Little Cahaba Coal Co.,77 So. 547,[1] it was held that a count claiming damages as for an explosion in a coal mine, averring as negligence merely that "a portion of defendant's mine was defective," did not sufficiently describe the negligence complained of.
Here the injury was the alleged result of an explosion in a furnace, and the only description, excluding one of the alternatives, is that the furnace was defective. This, we hold, is too general.
There are other cases than these we have cited which condemn a count like the one in question. In Whatley v. Zenida Coal Co., *Page 80 122 Ala. 118, 26 So. 124, the description was that defendant failed to provide a man-way to its coal mine. The court held this count insufficient.
In this case, if the defect complained of was specified, it might appear that the failure to provide it was not a defect, or that that which was provided was all that the law required. The defendant and the court are left wholly to conjecture of what complaint is made, or whether or not, in fact or in law, there was any defect.
Here it is shown that the defendant's business consisted of operating furnaces for the manufacture of iron. Its plant consisted of a furnace or furnaces. To allege that one or all of its furnaces were defective was little better than to allege that its plants, ways, works, or machinery was defective. In fact, its ways, works, plant, etc., consisted of a furnace or furnaces for the manufacture of iron. This was too indefinite. While the statute makes the master liable as for an injury to one of his servants on account of any defect in his ways, works, plant, etc., some particular defect must be alleged and proven. It is not sufficient to merely follow the language of the statute without describing any defect.
The same is true as to other subdivisions of the act. The second subdivision makes the master liable as for the negligence of a superintendent while in the exercise of such superintendence, but some negligent act or omission of such superintendent must be alleged; it is not sufficient to merely follow the language of the statute. Maddox v. Chilton, etc., Co., 171 Ala. 216, 55 So. 93; Woodward Co. v. Marbut,183 Ala. 310, 62 So. 804.
In the last case cited the decision followed the former, and distinguished the two cases from previous ones. It was there said:
"A complaint brought under an Employers' Liability Act should conform to the general rules of pleading in matters of certainty."
"A complaint brought under Employers' Liability Act, which merely alleges the injury and that it was caused by the negligence of the superintendent of the master is not sufficient, although it follows the language of subdivision 2, § 3910, Code 1907; the field of superintendence is a wide one, covering generally the master's business, and the mere allegation of the negligence of the superintendent does not give the master sufficient notice as to the matters charged."
"The rule of this court has been that a complaint under the Employers' Liability Act should, in respect of certainty, conform to those rules which under our system apply to pleadings generally. Those rules permit the averment of conclusions, but conclusions when employed must ordinarily be accompanied with averments of fact whereon issues can be understood, joined, and tried. L. N. R. R. Co. v. Jones,130 Ala. 470, 30 So. 586, citing Leach v. Bush, 57 Ala. 145, upon which have been planted all those numerous cases in which great generality in the averment of negligence has been accepted as meeting the requirements of good pleading.
"Certainty to a common intent in pleading is essential to the due administration of justice, and it cannot be abolished. By certainty causes and issues are identified for the determination of jurisdiction, and thereby the protection of parties against repeated trials of the same case, the finality of elections of remedies, the comity of courts, and other conserving principles of procedure are assured. 2 Hughes on Prop. 474. And, to come nearer to the needs of the instant case, certainty in some degree is required to give adversary parties reasonable notice of what they must be prepared to meet, and to speed the disposition of causes under their merits. T. C. I. Co. v. Smith, 171 Ala. 251, 55 So. 170."
183 Ala. 313, 314, 62 So. 805.
"In Jackson Lumber Co. v. Cunningham, 141 Ala. 206, 37 So. 445, a count under the first subdivision averring that 'the said railway from which the said engine was derailed at or near the point of derailment was defective' was held good, the court saying that the term 'railway' was used in the pleading merely to designate that from which the engine was derailed, and must in such use be construed as synonymous with 'track.' But it has been held all along that counts under that subdivision of the statute must specify the defect in defendant's ways, works, machinery, or plant of which they complain. Whatley v. Zenida Coal Co., 122 Ala. 118, 26 So. 124; Whitmore v. Ala. Consol. Co., 164 Ala. 125, 51 So. 397, 137 Am. St. Rep. 31; T. C. I. Co. v. Smith, supra." 183 Ala. p. 315, 62 So. 805.
There was no error in sustaining plaintiff's demurrers to each of defendant's special pleas 3 and 4 of contributory negligence. They failed to state any facts which, as matter of law, showed the plaintiff to be guilty of contributory negligence. Plea 4, the best of the two, of course confessed that plaintiff was in a position of peril, and in danger of being burned, and that his running therefrom was but obeying a law of nature. It showed that he had no time or occasion to reason as to whether it was safer to remain, or to go thence to seek a place of safety. Under such conditions the law does not hold one to the duty of acting as a reasonably prudent person would act.
"In Cook v. C. R. B. Co., 67 Ala. 533, this court quoted with approval what is said in Wharton on Negligence, § 304, viz.: 'As a rule, therefore, we may say that a person is not chargeable with contributory negligence who, when unwarned peril comes on him, suddenly acts wildly and madly. For persons in great peril are not required to exercise all the presence of mind and care of a prudent, careful man; the law makes allowances for them, and leaves the circumstances of their conduct to the jury.' Such a person, as was said in the case cited, 'will be presumed, in the absence of any evidence throwing light upon the matter, to have observed that care and precaution which the law requires, as instinct would prompt him to use diligence in saving his life.' The presumption *Page 81 
is always indulged, when one's conduct or motive is to be inquired about, that, if sane and conscious, he had the highest motive to take the necessary precaution to save his life, or insure his safety, and that he so acted. Penn. R. R. Co. v. Weber, 76 Penn. St. 157; s. c., 18 Am. Dec. 407." L. N. R. R. Co. v. Thornton, 117 Ala. 282, 23 So. 781.
In such cases no two prudent persons would probably do the same thing. The law furnishes no standards for action in the matter. The reason cannot be consulted. Each acts from instinct, or the law of nature — self-preservation.
It would do no good to discuss each of the several charges refused to the defendant. Many of those assigned and argued were in effect the general affirmative charge as to one of the counts, or as to the pleas of contributory negligence. The evidence clearly made the right of recovery a question for the jury.
Many of the others were properly refused because they predicated a verdict on a part of the evidence only, or were calculated to mislead the jury by directing their consideration to a part only of the evidence. Moreover, the court gave, at the request of the defendant, many written charges which, in legal effect and in better language, covered or embraced every proposition of law involved in the case as to which charges were requested and as to which the defendant was entitled to instructions; other than those we have shown to have been properly refused.
While charge A has been held good in some cases, owing to the particular kind of injury and the evidence in the particular case, such charge was not proper in this case.
The other questions may not arise on another trial; but it is not improper to say that they have been examined, and we find no reversible error assigned or insisted upon, except the one we have pointed out.
Reversed and remanded.
ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.
[1] 201 Ala. 123.
 On Rehearing.