### JEFFERSON v. REPUBLIC IRON & STEEL CO. (6 Div. 537.)

(Supreme Court of Alabama.   May 11, 1922. Rehearing Denied June 30, 1922.)

1. **Master and servant ⬅125(4)—Injury by dynamite explosion held not actionable.**

A miner injured by an explosion of dynamite was not entitled to recover under a count charging that the master furnished inferior dynamite, which did not discharge clear, but left portions thereof unexploded, but which was exploded during subsequent work, where the evidence did not show that the master knew the dynamite was defective, or that he had failed to use reasonable diligence to discover latent defects therein.

2. **Appeal and error ⬅928(3)—Charges based on evidence not incorporated in bill of exceptions presumed properly given.**

On appeal, where the bill of exceptions recited that a blueprint was part of the evidence, when such blueprint had not been sent up with the record, charges, applying the law of the case to all the evidence purported to be set out in the bill of exceptions, will be presumed to have been properly given.

3. **Appeal and error ⬅854(4)—Rulings below as to evidence will be referred to any valid ground of objection where objections general.**

Where objections to testimony are general, the trial court's rulings will be referred to any valid ground of objection.

4. **Evidence ⬅553(2)—Questions as to effect of dampness in mines on dynamite held insufficient, as incomplete.**

In a miner's action for personal injuries sustained by explosion of alleged defective dynamite, questions as to whether dynamite was often exploded in rivers and in water *held* improper to rebut the fact that dampness in mines could not have affected the dynamite, the manner in or conditions under which explosions in water are made; the manner and length of time dynamite may be exposed to water or dampness in mines not having been hypothesized.

5. **Appeal and error ⬅690(4)—Assignments as to evidence not part of bill of exceptions will not be considered.**

In a miner's personal action for injuries, where a blueprint showing the locus in quo was not made part of the bill of exceptions, assignments of error based thereon will not be considered.

6. **Appeal and error ⬅1052(5)—Evidence of extent of injuries held harmless.**

In a miner's action for injuries sustained by explosion of alleged defective dynamite, evidence of the extent of the injuries was immaterial, and the ruling thereon harmless, where they were not denied and no damages were found for plaintiff.

7. **Appeal and error ⬅971(3)—Witnesses ⬅267—Extent of cross-examination within discretion of court.**

The extent to which counsel may go on cross-examination is within the discretion of the court and such discretion will not be reviewed unless abused.

8. **Appeal and error ⬅1048(5)—Error, if any, in question to witness cured by negative answer.**

In miner's action for injuries from the explosion of alleged defective dynamite, error, if any, in permitting a question whether certain dynamite exhibited was the kind of dynamite sold to defendant for mining purposes, where the answer was negative, was without injury to plaintiff.

9. **Appeal and error ⬅231(5)—Mere general objection to testimony held to present nothing for review.**

In a miner's action for injuries sustained by explosion of alleged defective dynamite, an objection to a question whether dynamite furnished to defendant's employés at the time of plaintiff's injury was of a good grade, on the ground that it called for illegal, irrelevant, and immaterial testimony, being merely a general objection, presented nothing for review.

10. **Evidence ⬅519, 527—Causes of explosion of dynamite in fired hole and condition of dynamite held subjects for expert testimony.**

Where a witness is qualified by long experience, knowledge, and familiarity with the

facts, he may testify as to whether dynamite is of a good grade or not, and as to causes of portions of ' dynamite in a fired hole not exploding.

**11. Witnesses ☞376—Evidence as to rebuttal of interest or bias of witness properly excluded.**

In a miner's action for personal injuries sustained by explosion of alleged defective dynamite, where evidence had been admitted on cross-examination that a witness for plaintiff had a suit pending against the explosives company which had furnished the defective dynamite, it was not error to exclude evidence on redirect examination as to whether witness had made a settlement with the company.

**12. Master and servant ☞270(6)—Evidence as to place of accident admissible if conditions unchanged.**

In a miner's action for injuries from the explosion of alleged defective dynamite, where it appeared that the explosion was caused while working the "right rib," but there was a dispute as to the exact location, testimony as to the facts would have been admissible if it were shown that conditions had not changed.

**13. Appeal and error ☞1058(2)—Erroneous exclusion of evidence not prejudicial where previously admitted.**

In a miner's action for personal injuries sustained by explosion of alleged defective dynamite, exclusion of evidence as to how plaintiff was paid *held* not prejudicial, where he had previously testified in detail as to the manner of payment.

**14. Master and servant ☞185(7)—Duty of maintaining safe conditions may be delegated.**

The master is under the duty of using ordinary care to furnish employés with place, ways, and appliances reasonably safe for use, but the duty of maintaining such safe conditions may be discharged by committing its performance to agents carefully selected for competency and fitness.

**15. Master and servant ☞262(4)—Pleas of contributory negligence held sufficiently specific.**

Pleas averring that plaintiff caused holes to be drilled and filled with dynamite and fired; that he was a miner of long experience, and knew that sometimes a portion of a charge remained unexploded after firing, and yet, with such knowledge, negligently drilled into the unexploded portion of such charged hole, causing its explosion and consequent injuries, *held* sufficiently to specify plaintiff's negligence.

**16. Master and servant ☞262(3)—Plea of assumption of risk held sufficient.**

In a miner's action for injuries by the explosion of alleged defective dynamite remaining undischarged in a fired hole, a plea of assumption of risk, averring knowledge by plaintiff of the dangerous conditions or defect, and of the danger consequent therefrom, and that yet he remained at and pursued the work under said dangerous condition, defect, and circumstances, causing the injury, *held* good as against demurrer.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by John Jefferson against the Republic Iron & Steel Company for damages for personal injuries. From 'a judgment for defendant plaintiff appeals. Affirmed.

Assignments of error 18, 21, 22, 23, and 39 read as follows:

(18) It was an error of the trial court to sustain the defendant's objections to the question asked witness Scroggins "if it is not so that the company that furnished the Republic Iron & Steel Company manufacture and make a 60 per cent. dynamite that they class as safe."

(21) It was an error of the trial court to sustain the defendant's objections to the question asked Dr. Harris, "Did you bring Bob with him from the hospital at the same time?"

(22) It was an error of the trial court in sustaining the defendant's objections to the question asked Dr. Harris, "Did you take them up there together?"

(23) It was an error in the trial court to overrule the objections to the question asked witness Hooper, if that dynamite as shown there by the two sticks in the box is the kind of dynamite that was sold the Republic Iron & Steel Company to its employés and contractors for mining purposes during 1919.

(39) It was an error for the trial court to sustain defendant's objections to the question asked Jim Enock, "You left Sloss' and went down there."

Pinkney Scott, of Bessemer, for appellant.

A plea alleging the plaintiff knew that sometimes a portion of a charge of dynamite would remain unexploded in a hole after the firing of the original charge in no sense charges that plaintiff did in fact know the dynamite was in the hole in which he had the drilling done, and is bad. 150 Ala. 375, 43 South. 348; 92 Ala. 246, 8 South. 806; 135 Ala. 571, 33 South. 687. In the absence of evidence to which the same might be referred, it was error to charge the jury, upon hypothesis that plaintiff was an independent contractor, and that defendant could not be held liable for his injuries in this case. 158 Ala. 521, 47 South. 1029; 141 Ala. 160, 37 South. 427; 146 Ala. 266, 40 South. 971. It was error to charge the jury that the plaintiff could not recover more than nominal damages in this case. 152 Ala. 241, 44 South. 412; 153 Ala. 107, 44 South. 1037; 205 Ala. 89, 87 South. 832; 94 Ala. 222, 10 South. 145.

Percy, Benners & Burr, of Birmingham; and Goodwyn & Ross, of Bessemer, for appellee.

Under the evidence in this case the relation of the workman to the operator was that of an independent contractor, and not a servant or employee. 191 Ala. 494, 67 South. 697; 183 Ala. 118, 62 South. 721; 162 Ala. 396, 50 South. 341; 144 Ala. 169, 39 South. 1017; 97 Ala. 181, 12 South. 103. Where the

bill of exceptions does not set out all of the evidence in the case, even though it recites that it does, any state of evidence will be presumed to support the verdict of the trial court. 168 Ala. 285, 53 South. 279; 6 Ala. App. 404, 60 South. 468; 9 Ala. App. 499, 63 South. 693; 10 Ala. App. 357, 65 South. 424; 10 Ala. App. 472, 65 South. 421; 35 South. 691. The law only requires that the defendant exercise reasonable care and skill to provide the plaintiff with safe and suitable dynamite. 163 Ala. 244, 50 South. 926; 161 Ala. 441, 49 South. 916; 172 Ala. 502, 55 South. 611. The extent to which counsel may go on cross-examination as to immaterial matters is within the discretion of the court. 16 Ala. App. 4, 74 South. 972; 8 Ala. App. 562, 62 South. 1014.

THOMAS, J. The suit was for personal injury suffered by explosion of dynamite in an ore mine, where plaintiff was working.

The issues of fact, submitted to the jury under counts 1 and 3 and the plea of "not guilty," resulted in a verdict for defendant.

[1] Under the first count it is immaterial whether or not plaintiff sues as employé or independent contractor; he cannot recover. Said count charged that it was "the duty of the defendant to furnish the plaintiff * * * powder or dynamite, which duty it did undertake to perform," but furnished plaintiff dynamite or powder of an inferior grade or kind, which plaintiff used, and which did not discharge clear, but left a large part of the dynamite or powder in the drill hole unexploded and as a proximate consequence thereof was exploded in the operation of his work, injuring him. Of this issue of fact plaintiff testified:

"Up to the time I got hurt I had been handling dynamite for about 11 years, and I was familiar with it, and knew it was dangerous, and I had handled it as a miner in my mining work. The dynamite is always marked dangerous, and the percentage is marked on it; whatever it is, some of it is 40, and some 50 and some 60, marked on the sticks, and the one we used had a lot of white stuff around it, kind of like wax. There was no way to determine by an inspection of it, without tearing it up, whether it was defective or not."

This evidence showed there was no way of determining whether the dynamite or powder furnished by defendant to plaintiff was defective without destruction of the same, and there was no evidence that defendant had knowledge that the dynamite or powder furnished to its employés immediately preceding the time of said explosion was defective in the respects indicated, or that defendant failed to use reasonable diligence to discover latent defects in the dynamite or powder purchased by it and furnished to employés. Such is the effect of the evidence, notwithstanding plaintiff's testimony that during the "last work" he had done for the company

208 ALA.—10

some of the dynamite would not explode. He did not testify when this last work was done, or that he reported the fact' of defect in powder or dynamite to defendant. Plaintiff was not entitled to recover under the evidence under the first count. Hence no prejudicial error intervened in the ruling on demurrer to special pleas as answer to said count.

This court cannot know, as did the trial court, the locus in quo as described by the witness by reference to the "blueprint" which is recited in the bill of exceptions to have been introduced in evidence and "attached hereto as a part of the evidence in this case." The same is omitted from the page of the record so indicated and left blank for such purpose. Nor is that omitted evidence otherwise inserted in the bill of exceptions. Such omission in the bill of exceptions, where the suit is for failure to furnish a safe place for employés to labor, under the several answers of the witnesses, involves a contradiction in the bill of exceptions reciting, "This was all the evidence in this case." Fayet v. St. L. & S. F., 203 Ala. 3, 81 South. 671; L. & N. v. Jenkins, 196 Ala. 136, 140, 72 South. 68; A. T. R. Co. v. Benns, 189 Ala. 590, 66 South. 589.

[2] In the absence of such material evidence as the blueprint introduced by defendant, and to which the witness testified to explain and to illustrate his testimony, charges which involved a ruling of the trial court applying the law of the case to all the evidence purported to be set out in the bill of exceptions, must be presumed to have been properly given. Schmidt v. Mobile L. & R. Co., 204 Ala. 694, 87 South. 181; Sou. Ry. v. Wyley, 200 Ala. 14, 75 South. 326; B. R., L. & P. Co. v. Canfield, 177 Ala. 422, 59 South. 217; Montevallo Min. Co. v. Underwood, 202 Ala. 59, 79 South. 453.

[3, 4] It may be that detailed consideration of the several rulings on evidence, to which exceptions are reserved, is unnecessary and would subserve no good purpose. However, we see fit to say that the questions propounded to witnesses Bryant and Jefferson were leading or suggestive; the objections were general; the court's ruling will be referred to any valid ground of objection. The questions as to whether "they" often explode dynamite in rivers and in water were improper to rebut the fact that dampness in mines could not have affected the dynamite. The manner in or conditions under which explosions in water are made, the manner' and length of time dynamite may be exposed to water or dampness in mines, are material inquiries that were not hypothesized in the question calling for opinion evidence of the witness or expert.

[5] The map or blueprint of the locus in quo, made by a mining engineer, was properly admitted after due predicate was laid thereon. If any part of the map was drawn

pursuant to information given by another, the ground of objection or motion to exclude was not limited to the part based on hearsay. The objection was to the "blueprint" as a whole. Autrey v. State, 190 Ala. 10, 67 South. 237. Moreover, the drawing is not made a part of the bill of exceptions, and the assignment of error based thereon will not be considered. Watts v. A. B. & A., 179 Ala. 436, 60 South. 861; Nelson v. Shelby Co., 96 Ala. 515, 11 South. 695, 38 Am. St. Rep. 116; Morris v. Beall, 85 Ala. 598, 5 South. 252; McCaskey Register Co. v. Nix Drug Co., 7 Ala. App. 309, 312, 61 South. 484.

[6] What others thought about plaintiff's injuries was immaterial to the issue. No damages being found for plaintiff, the fact of his injuries not being denied, the extent thereof was immaterial. No reversible error could be rested on this ruling. Walker v. John Smith, T., 199 Ala. 514, 74 South. 451; Hamilton v. Cranford Merc. Co., 201 Ala. 403, 407, 78 South. 401. So of the questions propounded to witness A. G. Parsons, to which objections were sustained.

[7] The extent to which counsel may go on cross-examination is usually a question resting largely in the discretion of the court, not, however, to be abused or to amount to an undue restraint upon or denial of the right of cross-examination. And as to irrelevant matters to the issue, the extent of such cross-examination is within the sound discretion of the court, which discretion will not, generally, be reviewed unless abused. Appellant took nothing by his assignments of error numbered 18, 21, 22, and 39. Sou. Rwy. v. Brantley, 132 Ala. 655, 32 South. 300; Cox v. State, 162 Ala. 66, 50 South. 398; L. & N. v. Kay, 8 Ala. App. 562, 62 South. 1014; Johnson v. State ex rel. Jones, 16 Ala. App. 4, 74 South. 972; Ex parte State (In re Johnson v. State), 199 Ala. 255, 74 South. 366; Fondren v. State, 204 Ala. 451, 86 South. 71.

[8] The negative answer of the witness to the question allowed over plaintiff's objection, challenged in the twenty-third assignment of error, if there had been error, was without injury to plaintiff. Brown v. Johnston Bros., 135 Ala. 608, 613, 33 South. 683; Southern Cotton Oil Co. v. Harris, 175 Ala. 323, 57 South. 854; Birmingham Bottling Co. v. Morris, 193 Ala. 627, 69 South. 85.

[9, 10] The objection to the question to witness Hooper, "Is that grade of that dynamite there a good grade?" referring to the kind and grade of dynamite defendant furnished to its employés at the time of plaintiff's injury, was that it "called for illegal, irrelevant, and immaterial testimony." Under the issues of the case, this was merely a general objection, and presented nothing for review. Sou. Rwy. v. Jordan, 192 Ala. 528, 531, 68 South. 418; Huntsville Knitting Mills v. Butner, 200 Ala. 288, 76 South. 54. Moreover, the evidence showed that the witness' long experience, knowledge, and familiarity with the facts qualified him to answer the question. So of the question:

"I will ask you to explain to the jury the different causes of a portion of the dynamite in a fired hole not exploding."

The questions, "Is that the kind of box, or not, that the dynamite comes in?" "Of the Republic Iron & Steel Company?" called for evidence that was material to the issues presented by the third plea. So of the other and several questions tending to show the manner of wrapping and inclosure of dynamite in boxes, its vendor and the grade of the content, etc., used by defendant and furnished to its employés generally. We have examined the other assignments predicated on ruling on the introduction of witness Hooper and witness Enoch, and find no reversible error.

[11] The witness Bryant, having testified for plaintiff, was recalled by defendant for further cross-examination, and testified:

"I have brought a suit for damages against the General Explosives Company for the furnishing of defective dynamite, and that case is still pending."

This tended to illustrate his testimony, interest, or bias. Ex parte State (In re Johnson v. State), supra. On redirect examination the witness was asked: "You made a settlement with this company didn't you?" Defendant objected, the court sustained the objection, and plaintiff excepted and moved to "rule out what the witness had said about his having brought a suit against the explosives company." The evidence had otherwise shown that Bryant was working with plaintiff at the time of his injury for which suit was brought, receiving injury by the same explosion; that said General Explosives Company was the vendor furnishing defendant dynamite and powder provided for its employés and for plaintiff before and at the time of the explosion that caused plaintiff's and Bryant's injuries. The information sought by the question of settlement by the Explosives Company with Bryant would have been illegal and damaging in plaintiff's trial, and yet would not have rebutted the evidence or inference of interest or bias of the witness. It was properly refused.

[12] The evidence for respective parties showed that the explosion was caused while working the "right rib," the dispute being whether at the "junction of the face of the heading with (right) rib or further back on that rib toward the entrance." The witness John Royster, having testified that he took the "place to work" on "Tuesday after the explosion was on Saturday," was asked several questions, as to whether he "found any shots in that rib" or "drill hole in this rib from the face here up to the point where you found the drill," "how far it was from this face to this corner of the heading here—this face in the heading, which was up this rib, that you found the drill." If these condi-

tions were unchanged, the witness should have been allowed to state the facts as to the "right rib" or place or•point in relation thereto, and not have indefinite questions propounded that, so far as we can tell from the evidence, may have related to the "left rib." The question was also indefinite as to what was meant by the use of the word "shots," whether drill holes or places where dynamite shots had been made. Moreover, the conditions on Tuesday are not shown to have remained unchanged from the time of the explosion on Saturday.

[13] The question, "How were you paid?" sought to be propounded by plaintiff's counsel to Jefferson, if it had not been otherwise answered, was in nature rebuttal; would have been material and relevant evidence. Defendant objected, was sustained, and due exception reserved. The ruling is not presented for review by the assignments of error. However, appellant sustained no inconvenience or error by the ruling, since he had testified in detail how he and his men or helpers were paid by defendant at and before the time of his injury. He had testified how he worked, whether as an employé or as a contractor, and how paid.

[14] Count 3 was subject to ground of demurrer assigned thereto, that from aught that appears from allegations contained in the count the place of the plaintiff's work was reasonably safe at the time the dynamite was furnished to plaintiff, but that the same was rendered unsafe by the progress of the work thereafter at said place. However, demurrer was overruled and issue was joined on said count.

"The master is under the duty of using ordinary care to furnish the employé with place, ways, and appliances reasonably safe for use; but by the law, * * * the duty of maintaining such safe conditions may be discharged by committing its performance to agents carefully selected for competency and fitness." Whitmore v. Ala. Consol. C. & I. Co., 164 Ala. 125, 130, 51 South. 397, 137 Am. St. Rep. 31; Southern Sewer Pipe Co. v. Hawkins, 192 Ala. 380, 68 South. 271; Wadsworth Red Ash Coal Co. v. Scott, 197 Ala. 361, 72 South. 542; South Brilliant Coal Co. v. McCollum, 200 Ala. 543, 76 South. 901; Woodward Iron Co. v. Maxey, 200 Ala. 555, 76 South. 913.

[15] Defendant filed special pleas 3 to 9, inclusive, in answer to count 3, and demurrers were overruled as to pleas 4 to 9. The pleas contained the averment of fact that plaintiff caused holes to be drilled and charged with dynamite and fired; was a miner of long years of experience, and knew that sometimes a portion of a charge of dynamite remained unexploded after firing, and yet, with such knowledge, negligently drilled into the unexploded portion of such charged hole, causing its explosion and consequent injuries, of which he complained. The pleas

sufficiently specified plaintiff's negligence. Brown v. St. Louis & S. F. R. Co., 171 Ala. 310, 55 South. 107; Black v. Roden Coal Co., 178 Ala. 531, 59 South. 497; Shelby Iron Co. v. Bean, 203 Ala. 78, 82 South. 92.

[16] The demurrer to the ninth plea of assumption of risk was properly overruled; the knowledge by plaintiff of the dangerous condition or defect, and of the danger consequent therefrom, was averred, yet he remained at and pursued the work under said dangerous condition, defect, and circumstances, causing the injury. Robinson Min. Co. v. Swiney, 206 Ala. 617, 91 South. 476; McGeever v. O'Byrne, 203 Ala. 266, 82 South. 508; S. S. S. & I. Co. v. White, 203 Ala. 82, 82 South. 96; Shelby Iron Co. v. Bean, supra; Merriweather v. Sayre Co., 161 Ala. 441, 49 South. 916; Tutwiler Coal, C. & I. Co. v. Farrington, 144 Ala. 157, 39 South. 898; South Brilliant Coal Co. v. McCollum, supra; West Pratt Coal Co. v. Andrews, 150 Ala. 368, 43 South. 348; Sou. Ry. Co. v. McGowan, 149 Ala. 440, 43 South. 378; Choctaw Co. v. Dodd, 201 Ala. 622, 79 South. 54; B. R., L. & P. Co. v. Milbrat, 201 Ala. 368, 373, 78 South. 224; Clinton Min. Co. v. Bradford, 200 Ala. 308, 76 South. 74; Dwight Mfg. Co. v. Holmes, 198 Ala. 590, 73 South. 933.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.